IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

**JUN 24 2013**

J T NOBLIN CLERK
BY_____ DEPUTY

JAMES HAGAN                                                                    PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 1:13cv268 HSO - RHW

JACKSON COUNTY MISSISSIPPI;
MIKE BYRD, Individually and in his Official Capacity
as Sheriff of Jackson County, Mississippi;
HOPE THORNTON, Individually and in her Official
Capacity as Detective in the Jackson County Sheriff's Department;
LINDA JONES, Individually and in her Official
Capacity as Detective in the Jackson County Sheriff's Department;
EDDIE CLARK, Individually and in his Official
Capacity as Detective in the Jackson County Sheriff's Department;
CHAD HECK, Individually and in his Official Capacity
as Sergeant in the Jackson County Sheriff's Department;
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA;
and JOHN OR JANE DOES 1 - 10                                    DEFENDANTS

## COMPLAINT

### [JURY TRIAL DEMANDED]

COMES NOW the Plaintiff, JAMES HAGAN, by and through his attorney, J. ADAM MILLER,

and would file this, his Complaint against the Defendants named herein, and in support thereof

present the following to wit:

1.       Plaintiff, JAMES HAGAN, is an adult resident citizen of Jackson County,

Mississippi.

2.       Defendant, JACKSON COUNTY, MISSISSIPPI, is a political subdivision within the

State of Mississippi, with the ability to sue and be sued, and which at all times relevant hereto

1

employed Defendants, Byrd, Thornton, Clark and Jones.    Defendant, Jackson County, Mississippi, may be served with process in the time and manner provided by law.

3.      Defendant, MIKE BYRD, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said Mike Byrd was employed as the Sheriff of Jackson County, Mississippi, and was granted and possessed the powers of supervision, training, and management over all detectives and deputies of the Jackson County Sheriff's Department at the time of and prior to the incidents complained of herein, and was acting and/or neglected to act in the course and scope of his employment and under color of state law.  Said Mike Byrd is made a defendant herein individually and in his official capacity as the Sheriff of Jackson County, Mississippi.  Defendant, Mike Byrd, may be served process of this Court in the time and manner provided by law.

4.      Defendant, HOPE THORNTON, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said Hope Thornton was employed as a Detective in the Sheriff's Department of Jackson County, Mississippi, and was acting and/or neglected to act in the course and scope of her employment and under color of state law.  Said Hope Thornton is made a defendant herein individually and in her official capacity as a Detective in the Sheriff's Department of Jackson County, Mississippi.  Defendant, Hope Thornton, may be served process of this Court in the time and manner provided by law.

5.      Defendant, LINDA JONES, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said Linda Jones was employed as a Detective in the Sheriff's Department of Jackson County,

2

Mississippi, and was acting and/or neglected to act in the course and scope of her employment and under color of state law. Said Linda Jones is made a defendant herein individually and in her official capacity as a Detective in the Sheriff's Department of Jackson County, Mississippi. Defendant, Linda Jones, may be served process of this Court in the time and manner provided by law.

6.      Defendant, EDDIE CLARK, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi. At all pertinent and relevant times herein, the said Eddie Clark was employed as a Detective in the Sheriff's Department of Jackson County, Mississippi, and was acting and/or neglected to act in the course and scope of his employment and under color of state law. Said Eddie Clark is made a defendant herein individually and in his official capacity as a Detective in the Sheriff's Department of Jackson County, Mississippi. Defendant, Eddie Clark, may be served process of this Court in the time and manner provided by law.

7.      Defendant, CHAD HECK, is a person of full age and majority and a citizen and resides in the Southern District of Mississippi. At all pertinent and relevant times herein, the said Chad Heck was employed as a Sergeant in the Jackson Sheriff's Department of Jackson County, Mississippi, and was acting and/or neglected to act in the course and scope of his employment and under color of state law. Said Chad Heck is made a defendant herein individually and in his official capacity as a Sergeant in the Jackson Sheriff's Department of Jackson County, Mississippi. Defendant, Chad Heck, may be served process of this Court in the time and manner provided by law.

8.      The Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a surety corporation registered to do business in Connecticut may be served with process in the time and manner required by law by service upon its registered agent with the Mississippi Insurance Department, Charles A. Brewer, 506 South President Street, Jackson, MS 39201.

9.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as JOHN OR JANE DOES 1-10, inclusive, and therefore sues these Defendants by such fictitious names and capacities.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and on that basis alleges that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of each such Defendant.

10.     As a matter of federal law, Defendants Mike Byrd and Jackson County, Mississippi, are liable for their own actions, and Jackson County, Mississippi, is liable for its actions as final policy makers.  As a matter of state law, Defendants Mike Byrd and Jackson County, Mississippi, are liable for their own actions and are vicariously liable for the actions of defendants Thornton, Clark, Heck, and Jones, and the as yet unidentified Defendants John or Jane Does.  Also, as a matter of state law, Jackson County, Mississippi, is vicariously liable for the actions of Defendant, Mike Byrd.

11.     At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights of and the civil rights of James Hagan and thereby did inflict, allow to be inflicted and failed to prevent the infliction of injuries

4

suffered by Hagan, all accomplished under color of law, and the Defendants are therefore liable unto Plaintiff for the acts and omissions set out herein. The injuries to James Hagan, in addition to the deliberate acts pleaded herein, were readily foreseeable by each Defendant as the obvious consequence of their deliberate actions. In other words at all times pleaded herein it was clearly obvious to all Defendants that the harm which occurred to James Hagan would occur sooner or later to a citizen of Jackson County, absent remedial action on the part of Jackson County, Mississippi, acting through its agents, who, despite its knowledge failed to act.

12.     Whenever and wherever reference is made in this complaint to any act by a Defendant and/or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## I. JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. 1343(a)(3) (Civil Rights) and due to supplement jurisdiction over the state law claims, and personal jurisdiction as the Defendants are residents or entities located within the jurisdiction of this Court.

14.     Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391, because the conduct, acts and/or omissions upon which this cause of action is based occurred in Jackson County, Mississippi, which is completely within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division, and this case involves federal questions of law.

## II. **FACTS GIVING RISE TO CAUSE OF ACTION**

15.      On November 28, 2011, Rebie Walley, First Baptist Church Youth Director, allegedly told Hope Thornton, a Detective in the Jackson County Sheriff's Department, (hereinafter "Thornton") that Walley was told by K.S., that her step-sister said she was having problems with her step-father, James Hagan, who was an Ocean Springs Alderman. Thornton's Investigators Report reports this version of how the information was obtained. In fact, Walley never spoke to the alleged victim and relayed uncorroborated hearsay information to Thornton. Thornton interviewed Walley, but she made no attempt to verify Walley's statements before initiating the events that are the subject of this litigation.

16.      Without speaking to the alleged victim, Thornton notified Sheriff Mike Byrd (hereinafter "Sheriff") of Walley's allegations on November 29th, 2011.  Thornton was specifically instructed by Sheriff Byrd that Hagan was to be arrested that very day, stating "I want this m----- f----- in jail today." Hope Thornton knew or should have known that she had no basis for a search warrant at that time. Based on information and belief, Sheriff Mike Byrd ordered Thornton to perform an Internet Crimes Against Children (hereinafter "ICAC") investigation of James Hagan. Upon information and belief, Thornton was fearful of having to follow through with such an order and contemplated resignation or possibly losing her job because she had no basis for a search warrant, and that obtaining such a search warrant would violate ICAC protocol in addition to violating the law. Further, upon information and belief, Thornton was concerned that to do what the Sheriff had ordered would cost her and the Jackson County Sheriff's Department their certification.

17.     On November 29, 2011, Thornton contacted the City of Ocean Springs to "verify" Hagan's position as Alderman and notified the City of Ocean Springs that a search warrant was to be issued.  At this time Hope Thornton also began investigating an alleged missing City of Ocean Springs' laptop computer that had been issued to Hagan, although the City of Ocean Springs never stated or reported that the laptop was stolen.  Thornton decided to seize the laptop as stolen property if it was discovered during execution of the search warrant of Hagan's residence.  A copy of Thornton's Investigators Report is attached hereto and incorporated herein as Exhibit "A," Thornton's Report, State's Discovery, Bates Nos. 6-11.

18.     When Ocean Springs City Clerk Shelly Ferguson asked Hagan about the whereabouts of the laptop, Hagan said, "he lost it, must have laid it down somewhere, couldn't remember where." A copy of Ferguson's statement is attached hereto and incorporated herein as Exhibit "B", 11/28/11 Ferguson statement, State's Discovery, Bates No. 000027.  Ferguson also stated that "Alderman Hagan never requested a new laptop... The city does not have a policy that enforces personal liability for lost, stolen, or damaged property until termination of employment.  It was never discussed with Alderman Hagan that he needed to reimburse the city for the laptop." Exhibit "B" Ferguson statement.

19.     On or about November 29, 2011, acting at the direction of Sheriff Mike Byrd, Thornton prepared a sworn Affidavit requesting a residential Search Warrant of Hagan's residence alleging child pornography, even though no allegations or proof of child pornography existed involving Hagan, and there was no probable cause for such a search warrant.  A copy of the Affidavits requesting residential and forensic Search Warrants of Mr. Hagan's residence in

Ocean Springs are attached hereto and incorporated herein as Exhibits "C" and "D", respectively, 11/29/2011 Affidavits, State's Discovery, Bates 48-49, and 52-53.

20.      On November 29, 2011, a  Search Warrant was issued by Justice Court Judge Cecil Byrd, the brother of Sheriff Mike Byrd, for the residence located at 107 Gettysburg Circle in Ocean Springs, to search for "Materials, items of containers, fabric, fluids, bodily fluids DNA, Blood, prints of identification and any or all items Computer evidence in relations to sexual purposes." A copy of the 11/29/2011 Search Warrant issued by Justice Court Judge Byrd, State's Discovery, Bates 50-51 is attached hereto and incorporated herein as Exhibit "E."

21.      On or about November 29, 2011, acting at the direction of Sheriff Mike Byrd, Thornton also requested a forensic Search Warrant seeking computer and electronic equipment, cameras, and other related things at Hagan's residence.  Thornton's affidavit claims the requested search warrant is in conjunction with a child pornography investigation, a copy of which is attached hereto and incorporated herein as Exhibit "D," Search Warrant Application and Affidavit, State's Discovery, Bates Nos. 52-53.  There were never any allegations, reports or evidence of child pornography involving Hagan.  On November 29, 2011, Judge Byrd issued a Search Warrant for Hagan's residence located at 107 Gettysburg Circle, Ocean Springs, Mississippi.  See attached Exhibit "F," 11/29/2011 Search Warrant, State's Discovery, Bates 54–55; and Exhibit "A," Thornton's Investigators Report, State's Discovery, Bates No. 7.   Both of the Search Warrants were issued for Hagan's residence in Ocean Springs, Mississippi.

22.      On or about November 29, 2011, Hope Thornton and Linda Jones went to the school where Mrs. Hagan was employed as a teacher and notified her that they were investigating her husband and were obtaining a search warrant for the Hagan's residence.  John

McGrath, a Department of Human Services case worker, was also present.  Thornton and Jones alleged a cell phone was missing when Mr. Hagan was contacted later that day at his office, although that same day Hagan's cell phone storage device was seized by Detective Eddie Clark and Sergeant Chad Heck at Hagan's office without a search warrant.

23.     On or about November 29, 2011, acting at the direction of Sheriff Mike Byrd, Thornton along with other Deputies of the Jackson County Sheriff's Department searched Hagan's Ocean Springs residence, and the following items were seized:  a. Toshiba Lap Top Computer: 6B414287Q; b. Dell Desk Top Computer: 3974N41; c. I Pods; d. I Phone; e. a Lexar 8GB (flashdrive); f. a Canon Rebel Camera; and g. external hard drives.  See attached Exhibit "A," Thornton's Report, State's Discovery, Bates No. 8.

24.     Simultaneously with service of the search warrant on Mr. Hagan's residence, Hope Thornton instructed Detective Eddie Clark and Sergeant Chad Heck to contact and detain James Hagan at his office located in the Code Enforcement offices of the City of Moss Point, Mississippi.  Pursuant to Thornton's instructions, Detective Eddie Clark and Sergeant Chad Heck searched Hagan's office and seized the SD (Storage Devise) from Hagan's Galley android cell phone and a Dell laptop computer Serial No: CW91VF1 without a search warrant.  See Exhibit "A", Thornton's Investigators Report, State's Discovery, Bates No. 7-8.

25.     Prior to interviewing the alleged victim, the aforementioned search warrants on Hagan's home were executed.

26.     On or about November 29, 2011, Thornton and Det. Linda Jones of the Jackson County Sheriff's Department went to the Ocean Springs High School, removed Hagan's stepdaughter from school, and brought her to Gulfport for a forensic interview that was

conducted at the Mississippi child advocacy center. Thornton's Investigators Report falsely states that the "interview was to be conclusive to child molestation (fondling)." [Emphasis added.] See Exhibit "A," Thornton's Investigator's Report, State's Discovery, Bates No. 7.

27.     The alleged victim did not corroborate the allegations reported to Thornton by Rebie Walley. In fact, the alleged victim confirmed that no crime occurred in Jackson County, Mississippi, and that no crime had even occurred.

28.     Later in the afternoon of November 29, 2011, acting at the direction of Sheriff Byrd, James Hagan was arrested and charged with child molestation and embezzlement by Hope Thornton.

29.     On the evening of November 29, 2011, Sheriff Mike Byrd appeared at the City of Ocean Springs Board of Alderman meeting and advised the Board of Aldermen that he was detaining Hagan on charges of touching a minor child for lustful purposes and embezzlement of City of Ocean Springs property, a computer.

30.     On or about November 29, 2011, the Ocean Springs Board of Aldermen and the Ocean Springs City Clerk, Shelly Ferguson advised the Sheriff the computer had never been reported stolen and that Hagan was free to use the computer for personal use. Further, the Sheriff was advised no reports about the computer had every been filed with the city or Ocean Springs Police Department, but that Hagan had told the clerk at one time he had misplaced it.

31.     The Sheriff was shown city policy that allow all city aldermen the right to take computers home and use them so long as they were an alderman. Further, that there was no city policy restricting the use of city computers for any purposes.

32.     The Sheriff was informed that the City had no intent and/or desire to prosecute or charge Hagan for any crime involving city property.

33.     On or about November 29, 2011, the Sheriff was advised that it was a legal and factual impossibility for Hagan to be charged and/or convicted of embezzlement of city property.

34.     On November 30, 2011, Hope Thornton signed two sworn affidavits, that she knew to be false, before County Court Judge Larry Wilson alleging the crimes of molestation and embezzlement. A copy the 11/30/2011 Affidavits in State Cases, State's Discovery, Bates No. 000235, 000237, are attached hereto and incorporated herein as Exhibit "G". Based upon Thornton's false Affidavits, the County Court Judge issued Warrants for Mr. Hagan's arrest. See 11/30/2011 Warrants, State's Discovery, Bates No. 000236, 000238, a copy of which is attached hereto and incorporated herein as Exhibit "H".

35.     On November 30, 2011, Detective Joseph Savage of the Moss Point Police Department contacted Hope Thornton and advised that he found computer equipment in Hagan's office in Moss Point. Pursuant to Thornton's instructions, Savage seized the following items: a. one Dell laptop computer Serial No: CW91VF1; b. one Dell Desktop Tower Serial No: B8hp3pl; c. one Seagate External Hard Drive 2TB Serial No: 2GHPOZD8; d. one Linksys Wireless G Broadband Router Serial No: CDF90E686670; e. two Thumb Drives; and f. one Linksys Wireless USB adapter.  All of these items were seized without a search warrant, according to Thornton's Investigators Report.  See Exhibit "A," Thornton's Report, State's Discovery, Bates No. 000008.  Thornton reported that the Dell laptop computer was seized by Eddie Clark and Chad Heck on November 29, 2011, but she also lists the Dell laptop

computer in the items seized by Detective Savage on November 30, 2011. See Exhibit "A,"

Thornton's Investigators Report, State's Discovery, Bates No. 000007-000008.

36.     According to City of Ocean Springs documents produced in response to a Grand

Jury Subpoena Duces Tecum, the City purchased Dell lap top computers, one of which was

issued to James Hagan for his use while Alderman.  A copy of Ocean Springs Subpoena

response, State's Discovery, Bates No. 000243 - 000253, is attached hereto and

incorporated herein as Exhibit "I."

37.     As a result of the arrest warrants that were issued based on false affidavits

and false charges, Hagan was arrested on November 29, 2011, incarcerated in the Jackson

County Adult Detention Center, and forced to bond out.  See attached Exhibit "J," a copy of

the 11/29/2011 Jackson County Custody Form, State's Discovery, Bates No. 000017.

38.     On or about December 2, 2011, Hagan voluntarily submitted to a polygraph

about the factual allegations upon which the false charges were based and passed the

polygraph. A copy of the polygraph results are sent to the Sheriff.

39.     On December 5, 2011, Thornton conducted a manual fast scan of the

computers.  Thornton alleges she "connected the **Toshiba Lap Top Computer hard drive:**

**6B414287Q belonging to the City of Ocean Springs** to a write blocker and found one video that

appeared to be child pornography. [Emphasis added.] See Exhibit "A," Thornton's Investigator's

Report, State's Discovery, Bates No. 000009.  In Thornton's Investigators Report, she also

stated that the **Dell laptop computer Serial No: CW91VF1 seized at Hagan's office belonged to**

**the City of Ocean Springs**. [Emphasis added.] See Exhibit "A," Thornton's Investigator's Report,

State's Discovery, Bates No. 000009.

40.     Eight (8) months after the initial scan that led to Thornton allegedly finding the child pornography image, Thornton changed her report and claims she found the child pornography image on a Dell laptop computer.  A copy of the amended report is attached hereto and incorporated herein as Exhibit "K," unsigned Investigator's Report, State's Discovery, Bates Nos. 000255-000260, specifically Bates No. 000258.

41.     On December 5, 2012, Thornton prepared a sworn Affidavit in State Cases and obtained a warrant from the County Court for Mr. Hagan's arrest on one count of possession of child pornography.  The Affidavit and Warrant are attached hereto and incorporated herein as Exhibits "L" and "M", respectively, 12/5/2011 Affidavit in State Cases, State's Discovery, Bates No. 000239; and 12/5/2011 Warrant, State's Discovery, Bates # 000240.

42.     As a result of the arrest warrant that was issued based on a false affidavit and false charge, Hagan was arrested by Thornton on December 6, 2011, incarcerated in the Jackson County Adult Detention Center, and forced to bond out.  See attached Exhibit "N," a copy of the 12/6/2011 Jackson County Custody Form, State's Discovery, Bates No. 000018.

43.     On January 5, 2012, Thornton was subpoenaed to testify before the County Court of Jackson County in "State of Mississippi versus James Roy Hagan, Case No. 2011-31,312,313, and appeared and testified under oath before the County Court of Jackson County, Mississippi.

44.     On or about June 25, 2012, the molestation (touching a child for lustful purposes) charge against Plaintiff, James Hagan, was no-billed by the Jackson County Grand Jury, a copy of which is attached hereto and incorporated herein as Exhibit "O".

45.     The Grand Jury continued the embezzlement charge twice to allow Thornton to

13

attempt to get more evidence to the District Attorney's Office.

46.     Thornton was given the same statement twice by City Clerk Shelly Ferguson which were consistent with what was told to the Sheriff on the night of November 29, 2011, that the computer in question had never been reported stolen; that Hagan was free to use the computer for personal use; that no reports had every been filed with the city or Ocean Springs Police Department regarding the computer, although Hagan had told the City Clerk at one time he had misplaced it; that city policy allowed city aldermen to take computers home and use them so long as they were an alderman; that there was no city policy restricting the use of city computers for any purposes; and that the City of Ocean Springs had no intent and/or desire to prosecute or charge Hagan for any crime involving city property.

47.     Based on information and belief, Sheriff Mike Byrd attempted to assert influence over City Clerk Shelly Ferguson to get her to change her testimony to the Grand Jury to say that Hagan had reported the city computer stolen.  Based on information and belief Sheriff Mike Byrd asked Ocean Springs Police Chief Lionel Cothern to convince Shelly Ferguson to change her statements and lie under oath to the Jackson County Grand Jury.

48.     Based on information and belief Sheriff Mike Byrd attempted to intimidate and influence Alderman Matt McDonald, who was a friend of both Hagan and Shelly Ferguson, in an attempt to influence Shelly Ferguson's sworn testimony to the Grand Jury by ordering members of the Jackson County Narcotics Task Force to set up and follow Alderman Matt McDonald in an attempt to arrest him leaving a local bar.

49.     Jackson County Sheriff, Mike Byrd, ordered Hagan to be arrested with no probable cause and no investigation and made sure he was arrested and incarcerated

fraudulently, attempted to intimidate witnesses and to suborn perjury, all in an effort to intentionally deprive Hagan of his freedom and civil rights.

50.     Based on information and belief, Jackson County Sheriff Mike Byrd frequently targeted individuals for political and/or personal reasons with no probable cause, examples of such behavior are ordering his deputies to handle an investigation or matter, and when they objected, the Sheriff cursed them and threatened their jobs.  Based on information and belief, the Sheriff demoted and fired employees that refused to perform illegal and/or improper investigations and/or other tasks.  These improper tasks were so common that the employees of the Jackson County Sheriff's Department nicknamed them "Acute Political Emergency" or "APE".

51.     The Jackson County Sheriff, Mike Byrd, created and maintained a culture, pattern and practice of going after his perceived enemies, conducting improper investigations, violating citizens constitutional rights, both state and federal, which created policies, practices and procedures that led to the violation of Hagan's Mississippi and United States Constitutional rights.

52.     Thornton knew or should have known throughout the entire investigation and prosecution of Hagan that she had no basis for her aforementioned actions in signing multiple false affidavits after being ordered by Sheriff Mike Byrd to go after Hagan and put him in jail.

53.     On August 21, 2012, based on false information provided by Detective Hope Thornton, the Jackson County Grand Jury entered an indictment against James Hagan for exploitation of a child for possession of "a photograph of a child who was at the time in question under the age of eighteen (18) years, engaging in sexually explicit conduct."

15

54.     On or about November 13, 2012, the embezzlement charge against Plaintiff, James Hagan, was no-billed by the Jackson County Grand Jury on or about November 13, 2012, a copy of which is attached hereto and incorporated herein as Exhibit "P".

55.     On November 30, 2012, the Circuit Court of Jackson County, Mississippi, entered a Nolle Prosequi for the exploitation of a child (possession of child pornography) charge against Plaintiff, James Hagan, a copy of which is attached hereto and incorporated herein as Exhibit "Q". The Circuit Court's Nolle Prosequi specifically found that "The subject video was located on a laptop which belongs to the City of Ocean Springs and which was assigned to the Defendant by virtue of his Ward 6 Alderman position. The laptop on which the subject video was forensically examined by an expert in the field of computer an digital evidence forensic examination. The forensic examination of the laptop, on which the subject video was found, revealed that the subject video file was created on the laptop on December 3, 2009 at 10:28 pm and was last accessed on December 3, 2009 at 10:39 pm. The Defendant (James Hagan) did not manufacture or create this video. In fact, the forensic examination was unable to determine the means by which the subject file was created on the laptop. The State met with a forensic examiner to exhaustingly examine the facts of this case. The State cannot prove beyond a reasonable doubt that the defendant willfully created and viewed the video in question especially in light that it was only viewed once at the time of creation." See Exhibit "Q", paragraphs 2-5." The Nolle Prosequi also stated that "While there is no doubt that the subject video was found on the hard drive of the subject laptop, the State cannot demonstrate that the Defendant (James Hagan) knew the video was there or willfully possessed it as alleged in the indictment and required by law. Further, the State cannot explain the unusual location

of the subject file (video) nor the fact that the video has not been accessed or viewed since December 3, 2009." See Exhibit "Q", paragraph 8."

56.     At all times, Mike Byrd and Hope Thornton knew that the information that Hope Thornton provided to County Court Judge Larry Wilson in both sworn arrest affidavits and both sworn search warrants was false.   Mike Byrd and Hope Thornton had direct knowledge that there was no evidentiary or factual basis with which to charge James Hagan with any criminal conduct for either molestation, embezzlement, or possession of child pornography .

57.     Further, Defendant, Hope Thornton, knew or should have known that there was no evidentiary or factual basis with which to prove that James Hagan ever possessed, created or downloaded child pornography.

58.     While acting within their individual and official capacities with apparent authority under color of law, Mike Byrd and Hope Thornton arrested and incarcerated James Hagan and were instrumental in having his children removed from his custody by the Department of Human Services.   Hagan's children were returned to his custody upon a proper investigation of the allegations leveled against Hagan.

59.     Defendant, Mike Byrd, made numerous statements to the media concerning James Hagan that he knew or should have known were false and defamatory.

60.     Defendant, Mike Byrd, attempted to influence the testimony of a grand jury witness subpoenaed to testify on behalf of the City of Ocean Springs.  Mike Byrd asked the Chief and Deputy Chief of Police of Ocean Springs to advise a city employee that she needed to change her prior statements regarding the computer issued by the City to James Hagan and provide false testimony and evidence to the Jackson County Grand Jury investigating

17

James Hagan.

61.     Defendant, Mike Byrd, also targeted Matt McDonald, Ocean Springs Alderman, in an attempt to influence James Hagan's case by ordering members of the Jackson County Narcotics Task Force to illegally set up surveillance and follow McDonald in an attempt to charge him with criminal conduct.

62.     Mike Byrd and other members of the Jackson County Sheriff's Department, acting in the course and scope of their employment with Jackson County, Mississippi, engaged in false arrest, perjury, violation of civil rights, malicious prosecution, abuse of process, defamation, suborning  perjury, and witness tampering.  This conduct by Sheriff Mike Byrd, Detective Hope Thornton and other members of the Jackson County Sheriff's Department was the proximate and sole cause of James Hagan's injuries, damages and losses sustained in this matter.

63.     That Hope Thornton, Eddie Clark, Linda Jones, Chad Heck, and other deputies involved in the incident were either directed or allowed by Mike Byrd to harass, arrest and prosecute James Hagan without repercussion and without probable cause to do so.

64.     At all times herein, Mike Byrd, Hope Thornton, Eddie Clark, Linda Jones, Chad Heck, and all other individuals directly or proximately involved in the investigation  knew or should have known that the information provided by Hope Thornton to County Court Judge Larry Wilson in both sworn arrest affidavits and sworn search warrants was false.  Mike Byrd, Hope Thornton, and Linda Jones had direct knowledge that there was no evidence or factual basis with which to charge James Hagan with any criminal conduct for either molestation, embezzlement or possession of child pornography.

65.     Further, Defendants, Mike Byrd and Hope Thornton, knew or should have known that there was no evidentiary or factual basis with which to prove that James Hagan ever committed the crimes they charged him with.

66.     Defendant Mike Byrd, as Sheriff of Jackson County, was responsible for the hiring, firing, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of the Jackson County Sheriff's Department and its deputies, including, defendants Thornton, Jones, Clark, and Heck, and certain as yet unknown John or Jane Does.  As such, Defendant Mike Byrd, during his tenure and at the time of the matters herein complained of, was the final policy maker for the Jackson County Sheriff's Department in the areas of law enforcement, and employment, training, and supervision of deputies and other employees of the Jackson County Sheriff's Department.

67.     Mike Byrd and other members of the Jackson County Sheriff's Department, acting in the course and scope of their employment with Jackson County, Mississippi, engaged in false arrest, perjury, violation of civil rights, malicious prosecution, abuse of process, defamation, suborning perjury, and witness tampering.  This conduct by Sheriff Mike Byrd, Detective Hope Thornton and other members of the Jackson County Sheriff's Department was the proximate and sole cause of James Hagan's injuries, damages and losses sustained in this matter.

68.     Additionally, Defendant, Jackson County, Mississippi, has overall responsibility for the Jackson County Sheriff's Department.

69.     Upon information and belief, Jackson County, Mississippi and Mike Byrd, Hope Thornton, Linda Jones, Eddie Clark, Chad Heck, as well as other unknown individuals labeled

19

herein as John or Jane Does 1-10, in violation of Plaintiff's rights intentionally acted without evidence to further the malicious prosecution of the Plaintiff.

70.     Defendants, Mike Byrd, Hope Thornton, Linda Jones, Eddie Clark, Chad Heck, and John or Jane Does 1-10, and Jackson County, Mississippi, falsely prosecuted James Hagan without probable cause in violation of his Fourth and Fourteenth Amendment rights, under color of state law, and have accordingly caused him damages.  Upon information and belief, the Defendants falsified and/or withheld information, including evidence and other information to be determined, to secure Plaintiff's prosecution, also in violation of Plaintiff's constitutional rights.  Plaintiff's right to be free of charges issued without probable cause was violated.

71.     Upon information and belief, Defendants, Jackson County, Mississippi, and the Jackson County Sheriff, Mike Byrd, in his individual and official capacities, had policies, practices or customs in place which caused, ratified and/or furthered the violation of Plaintiff's rights as described herein.  Plaintiff accordingly seeks redress under 28 U.S.C. § 1983 for Defendant, Jackson County, Mississippi's, and the other Defendants' violation of Plaintiff's Fourth and Fourteenth Amendment rights.

72.     Defendant Mike Byrd, individually and in his official capacity, established customs, policies and practices which directly and proximately caused the deprivation of the civil and constitutional rights of Plaintiff, James Hagan, as alleged herein, and the damages, emotional and mental pain and distress, and suffering of Plaintiff.

73.     At all times pertinent herein the Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of the Plaintiff.

74.     The Defendants, acting individually and together, under color of law, engaged in a course of conduct, and conspired together, to deprive the decedent and the Plaintiff of his rights under federal and state law.

75.     The Defendants acting individually and together, under color of law, engaged in a course of conduct which caused the emotional and mental pain and suffering, injuries, and damages of Plaintiff, James Hagan, and violated his rights as guaranteed by the Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States.  These include, but are not limited to, the right to be free from the deprivation of liberty that occurs without due process of law.

76.     The Defendants are liable unto your Plaintiff jointly and severally for the wrongful acts complained of herein.

77.     Plaintiff would show that he has sustained damages for which he is entitled to recover of and from the Defendants.

78.     The state law violations occasioned by the Defendants are actionable pursuant to the common law and the Mississippi Tort Claims Act.

79.     Defendant, Jackson County, Mississippi, is liable for the actions of the Defendant, Sheriff Mike Byrd, in his official and/or individual capacity, since he was an elected county official with final policy making authority over the matters raised in this civil action.  Defendant, Jackson County, Mississippi, is also liable for the actions of all other Defendants in their official and/or individual capacities as employees of the Jackson County Sheriff's Department.

80.     Defendant, Jackson County, Mississippi, is liable for the common law violations of the Defendants pursuant to the Mississippi Tort Claims Act.

81.    The actions of the Defendants were willfully in violation of Hagan's federally protected rights, and said willful and reckless actions justify the imposition of punitive damages.

82.    The Defendant, Travelers Casualty and Surety Company of America, is liable to the Plaintiff for the unconstitutional and illegal acts of Defendant, Mike Byrd, as surety on his bond. The Plaintiff brings suit on the Defendant, Mike Byrd's, bond in the name of the State of Mississippi for its use and benefit.

### COUNT I - 42 U.S.C. § 1983 and 1985
### and State Law Claims (FALSE ARREST).

83.    Plaintiff re-alleges paragraphs 1 through 82 of this Complaint and incorporate them herein by reference.

84.    Defendants, Byrd, Thornton, Clark, Jones, Heck, and John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff, James Hagan, of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983 and 1985, including: a. Plaintiff, James Hagan's, right to be free from false arrest, as guaranteed by Amendments IV and XIV of the United States Constitution, by arresting him without probable cause to believe that he had committed any crime; and b. Plaintiff, James Hagan's, right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution.

85.    Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II - 42 U.S.C. § 1983, 1985, and 1988
## (FOURTH AMENDMENT UNREASONABLE SEIZURE).

86.     Plaintiff re-alleges paragraphs 1 through 85 of this Complaint and incorporate them herein by reference.

87.     Defendants, Byrd, Thornton, Clark, Jones, Heck, and John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff, James Hagan, of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including: a. Plaintiff, James Hagan's, right to be free from unreasonable seizure by being falsely arrested and prosecuted, as guaranteed by Amendments IV and XIV of the United States Constitution, by arresting him without probable cause to believe that he had committed any crime; and b. Plaintiff, James Hagan's, right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution.

88.     The Defendants acted through the Sheriff and at the direction of the Sheriff, and the Sheriff had in place, at all relevant times to this civil action, an unconstitutional policy, practice, custom or usage which authorized and/or mandated and/or condoned and/or ratified the use of unreasonable investigation, arrest, and/or prosecution towards Hagan.

89.     As a direct and proximate result of the Defendants' violation of Hagan's constitutional rights, Mr. Hagan suffered injury to his person.

90.     Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT III - 42 U.S.C. § 1983 and 1985
## and State Law Claims (Malicious Prosecution).

91.     Plaintiff re-alleges paragraphs 1 through 90 of this Complaint and incorporate them herein by reference.

92.     Defendants, Byrd, Thornton, Clark, Jones, Heck, and John or Jane Does 1-10, individually and/or jointly and in conspiracy, initiated and/or continued a malicious prosecution against Plaintiff, James Hagan, all without probable cause. Defendants were each instrumental in the initiation and perpetuation of the prosecution of Mr. Hagan. Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10, each acted with malice.

93.     Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff, James Hagan, of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983 and 1985, including: a. Plaintiff, James Hagan's, right to be free from malicious prosecution, as guaranteed by Amendments IV and XIV of the United States Constitution, by causing criminal proceedings to be initiated against him without probable cause to believe that he committed a crime, and by providing false testimony against him; and b. Plaintiff, James Hagan's, right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution.

94.     The prosecutions were terminated in Plaintiff, James Hagan's, favor on or about June 25, 2012, November 13, 2012, and November 30, 2012.

95.     Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10, are liable for the malicious prosecutions of Plaintiff, James Hagan, because said prosecutions were proximately caused by their unlawful actions as set forth above.

96.     These actions directly and proximately caused the injuries and damages to Plaintiff as claimed above, and constitute the tort of malicious prosecution under Mississippi law.

97.     Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

### COUNT IV (Intentional Infliction of Emotional Distress).

98.     Plaintiff re-alleges paragraphs 1 through 97 of this Complaint and incorporate them herein by reference.

99.     Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10, and their co-conspirators intentionally engaged in extreme and outrageous behavior against Plaintiff, James Hagan, including, but not limited to, employing unlawful investigative tactics, unlawful search and seizure, and psychological manipulation, all of which was designed to elicit a false confession from Plaintiff, James Hagan, despite his innocence, all the while knowing that there was no probable cause for the allegations against Plaintiff, James Hagan.

100.    Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10, are liable for this intentional infliction of emotional distress because it was proximately caused by their actions as set forth above.

101.    As a direct and proximate result of the Defendants' actions the Plaintiff sustained past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, fear and embarrassment, and injury to reputation

and professional standing, all of which Plaintiff suffered, plus costs, interest, and actual attorney fees. Plaintiff requests judgment against the Defendants.

### COUNT V - 42 U.S.C. § 1983, 1985, 1986, and 1988
### and State Law Claims (Abuse of Process)

102.    Plaintiff re-alleges paragraphs 1 through 101 of this Complaint and incorporate them herein by reference.

103.    Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10, individually and/or jointly and in conspiracy, initiated and/or continued a malicious prosecution against Plaintiff, James Hagan, all without probable cause.  Defendants were each instrumental in the initiation and perpetuation of the prosecution of Mr. Hagan. Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10, each acted with malice.    Defendants maliciously misused or misapplied the legal process in order to obtain a result against the Plaintiff that was not lawfully warranted or properly obtained.

104.    Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff, James Hagan, of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, 1985, 1986 and 1988, including:

> A.    Plaintiff, James Hagan's, right to be free from malicious prosecution, as guaranteed by Amendments IV and XIV of the United States Constitution, by causing criminal proceedings to be initiated and continued against him without probable cause to believe that he committed a crime, and by providing false testimony against him; and

26

      B.      Plaintiff, James Hagan's, right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution.

105.    The prosecutions were terminated in Plaintiff, James Hagan's, favor on or about June 25, 2012, November 13, 2012, and November 30, 2012.

106.    Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10, knew or should have known that the criminal prosecutions were groundless, but Defendants sought to use the legal process for the purpose of prosecuting Plaintiff for three separate offenses that were not lawfully warranted or properly obtainable against Plaintiff and are liable for the abuse of process of Plaintiff, James Hagan, because said prosecutions were proximately caused by their unlawful actions as set forth above. The criminal abuse of process alleged by the Plaintiff includes the initiation of prosecution against the Plaintiff on or about November 29, 2011 and continued pursuit of prosecution of Plaintiff for improper purposes until on or about November 30, 2012. In engaging in the conduct described hereinabove, the Defendants acted maliciously, willfully and with specific intent to injure Plaintiff.

107.    The Defendants knew or should have known that the criminal prosecutions that were initiated and continued against the Plaintiff were groundless and sought to use the legal process for an unlawful and improper purpose. The Defendants knew or should have know that the continued prosecution were groundless. These actions directly and proximately caused the injuries and damages to Plaintiff as claimed above, and constitute the tort of abuse of process under Mississippi law.

108.    Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

### COUNT VI - 42 U.S.C. § 1983, 1985 and 1988 (Violation of Civil Rights)

109.    Plaintiff re-alleges paragraphs 1 through 108 of this Complaint and incorporate them herein by reference.

110.    Defendants acted under color of law.

111.    Defendants' conduct under the code of law violated Plaintiff's rights of free speech, to be free from unreasonable seizures, kidnapping, false imprisonments, and the right to due process of law, as secured by the First, Fourth, and Fourteenth Amendments of the Constitution of the United States.

112.    Prior to the events described herein, the Defendants developed and maintained policies, practices and/or customs exhibiting deliberate indifference to violations of the constitutional rights of citizens.

113.    Defendant, Sheriff Mike Byrd, in his official and individual capacities, failed to adequately and properly supervise and train the deputies and other employees of the Jackson County Sheriff's Department in various aspects of law enforcement procedure and substance, including, but not limited to the lawful exercise of police power in response to citizen petitions.

114.    The above-described acts and omissions by the Sheriff and the other Defendants at the direction of the Sheriff demonstrated a deliberate indifference to the constitutional rights of citizens, and were the cause of the violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States of Constitution.

115.    As a result of Sheriff, and his department's violations of Plaintiff's constitutional rights, the Plaintiff suffered substantial injuries and damages.

116.    During the events alleged in the Complaint, Defendants, Mike Byrd, Linda Jones, Hope Thornton, Eddie Clark, and Chad Heck, and John or Jane Does, acted in concert, within the scope of their employment and under color of law.

117.    The Plaintiff exercised his rights under the First Amendment to free speech and the right to petition the city government for redress of grievances, and under the Fourth Amendment to be secure in his person against unreasonable and unlawful seizures.

118.    Defendants unlawfully and unreasonably seize, detain, confine, falsely imprison, and deprive Hagan of his liberty by seizing, handcuffing, forcefully taking him from his property, and placing him in a locked secured area without due process, without lawful justification, without reasonable suspicion, or probable cause to believe a criminal violation had been committed.

119.    Hagan, aware of his rights and the fact that the Defendants were acting unlawfully, assertively pleaded with the Defendants to initially refrain, then to cease the violations of his rights.

120.    Notwithstanding Hagan's pleas, Defendants continued to act in concert and deprive Plaintiff of his rights under the U.S. Constitutional and federal Statutes.

121.    Defendants violated 42 U.S.C. § 1983; Defendants' conduct operated to deprive Plaintiff of his rights guaranteed by the United States Constitution and federal statutes.

122.    As a direct a proximate result of the foregoing, Defendants deprived the Plaintiff of his rights and privileges as citizens of the United States, and Defendants caused the Plaintiff

to suffer financial injury, significant indignities, and to be hurt and injured in his health, strength, and activity, sustaining injury to their body and shock and injury to his nervous system and person, which have caused, and will continue to cause, Plaintiff's physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

## COUNT VII - 42 U.S.C. § 1983, 1985 and 1988
### (Violation 1st, 4th and 14th Amendments.)

123.    The Plaintiff re-alleges paragraphs 1 through 122 of this Complaint and incorporate them herein by reference.

124.    This cause arises under the First, Fourth, and the Fourteenth Amendments of the United States Constitution.

125.    Plaintiff's Constitutional rights that Defendants violated include the following:

A.    Plaintiff's right to free speech protected by the First Amendment;

B.    Plaintiff's right to petition his government for redress of grievances protected by First Amendment;

C.    Plaintiff's right to be free from unreasonable search and seizures under color of law protected by the Fourth Amendment;

D.    Plaintiff's right to due process of law protected by the Fourteenth Amendment; and

E.    Plaintiff's right to remain silent by the Fifth Amendment.

126.    Defendants Byrd, Thornton, Jones, Clark, Heck, John or Jane Does, and Jackson County's conduct was undertaken under color of law and operated to deprive Plaintiff of rights guaranteed by the United States Constitution.

127.    As a direct and proximate result of the foregoing, Defendants deprived the Plaintiff of his rights and privileges as citizens of the United States, and Defendants caused the Plaintiff to suffer financial injury, significant indignities, and to be hurt and injured in his health, strength and activity, sustaining injury to their body and shock and injury to their nervous system and person, which have caused, and will continue to cause, Plaintiff physical, mental, and emotional pain and suffering, all to their general damage in a sum which will be proven at trial.

### COUNT VIII - 42 U.S.C. § 1983, 1985 and 1988 (Civil Conspiracy and Neglect)

128.    Plaintiff re-alleges paragraphs 1 through 127 of this Complaint and incorporate them herein by reference.

129.    The Civil Rights Act of 1866, as amended, 42 U.S.C. §1985 and §1986, prohibits conspiracies to interfere with civil rights.

130.    Defendants violated 42 U.S.C. § 1985 in that they entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving the Plaintiff of rights guaranteed to them under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

131.    Defendants Sheriff Mike Byrd, Det. Hope Thornton, Sgt. Chad Heck, Det. Linda Jones, Det. Eddie Clark, and John or Jane Does, and the Jackson County violated 42 U.S.C. 1986 in that they, having knowledge that wrongs conspired to be done, and mentioned in 42 U.S.C. 1985, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected and refused to do so.

132.    Defendants have each done or have caused to be done acts in furtherance of this conspiracy whereby the Plaintiff have been injured and has been deprived of rights guaranteed to them under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

133.    Defendants each had actual knowledge of the conspiracies to deprive the Plaintiff of his rights protected by 42 U.S.C. § 1985, and each had the power and opportunity to prevent the violations from occurring and/or continuing to do so.

134.    As a direct and proximate result of the foregoing, Defendants deprived the Plaintiff of his rights and privileges as a citizen of the United States, and Defendants caused the Plaintiff to suffer financial injury, significant indignities, and to be hurt and injured in their health, strength and activity, sustaining injury to their body and shock and injury to their nervous system and person, which have caused, and will continue to cause, Plaintiff physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

### COUNT IX - (Jackson County, Mississippi).

135.    Plaintiff re-alleges paragraphs 1 through 134 of this Complaint and incorporate them herein by reference.

136.    Defendant, Jackson County, Mississippi, was at all times relevant to this action the employer of Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10. Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10, committed the acts alleged in this complaint in the course and within the scope of their employment.

137.    The state law violations occasioned by Defendant, Mike Byrd, are actionable pursuant to common law and the Mississippi Tort Claims Act.

138.    Defendant, Jackson County, Mississippi, is liable for the actions of the Defendant, Mike Byrd, in his official capacity, since he is an elected county official with final policy making authority over the matters raised in this civil action.

139.    Defendant, Jackson County, Mississippi, is liable for the common law violations of the Defendant, Mike Byrd, pursuant to the Mississippi Tort Claims Act.

140.    The Defendant, Travelers Casualty and Surety Company of America, is liable to the Plaintiff for the unconstitutional and illegal acts of Defendant, Mike Byrd, as surety on his bond. The Plaintiff brings suit on the Defendant, Mike Byrd's, bond in the name of the State of Mississippi for its use and benefit.

141.    As a direct and proximate result of the Defendants actions, the Plaintiff sustained past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, fear and embarrassment, and injury to reputation and professional standing, all of which Plaintiff suffered, plus costs, interest, and actual attorney fees. Plaintiff requests judgment against the Defendants.

142.    The actions of the Defendants were in willful violation of the Plaintiff's federally protected rights, were willful and reckless, and justify the imposition of punitive damages.

### COUNT X (Respondeat Superior – Jackson County, Mississippi).

143.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 142 as if fully set forth herein.

144.     Defendants, Byrd, Thornton, Jones, Clark, Heck, and John or Jane Does 1-10, were at all times relevant to this action employees and agents of the Defendant, Jackson County, Mississippi. Each of the above-named defendants was acting within the scope of their employment when they engaged in the actions described in this complaint. Therefore, all of the individual Defendants' acts and omissions are directly chargeable to Defendant, Jackson County, Mississippi, pursuant to the doctrine of respondeat superior.

145.     As a direct and proximate result of the Defendants actions, the Plaintiff sustained past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, fear and embarrassment, and injury to reputation and professional standing, all of which Plaintiff suffered, plus costs, interest, and actual attorney fees. Plaintiff requests judgment against the Defendants.

### III. DAMAGES AND REMEDIES

146.     The actions of the Defendants, and each of them, are malicious, unlawful, and/or so grossly negligent as to make these Defendants liable to the Plaintiff for punitive damages. Likewise the deliberate indifference of Jackson County, Mississippi rises to a level of gross negligence and should subject it to punitive damages.

147.     As a direct and proximate result of Defendants' actions described hereinabove, the Plaintiff was caused to suffer the following injuries and damages:

      A.     Past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the

community, fear and embarrassment, and injury to reputation and professional standing, all of which Plaintiff suffered;

B.    Past, present and future lost wages and loss of wage earning capacity;

C.    Attorney fees and costs under 42 U.S.C. § 1988(b), plus pre-judgment and post-judgment interest; and

D.    All other damages available under federal and state law, including punitive and/or exemplary damages.

148.    On information and belief, Plaintiff alleges that his injuries will be permanent and that they have had significant consequences on his life.

149.    That the aforesaid damages to the Plaintiff having been proximately caused by the negligence, gross negligence, wanton indifference, reckless disregard and/or malicious or intentional acts of the Defendants, the Plaintiff is entitled to sue and recover damages proximately resulting there from, including compensatory damages, punitive damages, attorney's fees, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of Mississippi and the United States.

WHEREFORE, PREMISES CONSIDERED, your Plaintiff, JAMES HAGAN, demands judgment of and from the Defendants in an amount that will reasonably compensate Plaintiff for his injuries and/or damages and to punish Defendants in order to deter future wrongful conduct, with said damages to include compensatory damages of FIFTEEN MILLION ($15,000,000.00) DOLLARS, punitive damages of FIFTEEN MILLION ($15,000,000.00) DOLLARS, attorney's fees and costs of these proceedings pursuant to 42 U.S.C. § 1988, pre-judgment and post-judgment

interest, and such other relief as Plaintiff may be entitled to under the laws of the State of Mississippi and the United States of America, and any and all other relief this Honorable Court deems just, proper and equitable.

RESPECTFULLY SUBMITTED on this the 24th day of June , 2013.

**JAMES HAGAN**

BY: MILLER LAW FIRM, PLLC

BY: _____
J. ADAM MILLER, MSB # 10557
Attorney for James Hagan

J. ADAM MILLER
MILLER LAW FIRM, PLLC
P.O. Box 1269
Pascagoula, MS 39568
1.866.384.3476
MSB #10557
millerfirm@gmail.com