IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES HAGAN | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:13cv268-HSO-RHW |
| | § | |
| JACKSON COUNTY, MISSISSIPPI, | § | DEFENDANTS |
| MIKE BYRD, Individually and | § | |
| in his Official Capacity as | § | |
| Sheriff of Jackson County, | § | |
| Mississippi; HOPE THORNTON, | § | |
| Individually and in her Official | § | |
| Capacity as Detective in the | § | |
| Jackson County Sheriff's | § | |
| Department; LINDA JONES, | § | |
| Individually and in her Official | § | |
| Capacity as Detective in the | § | |
| Jackson County Sheriff's | § | |
| Department; EDDIE CLARK, | § | |
| Individually and in his Official | § | |
| Capacity as Detective in the Jackson | § | |
| County Sheriff's Department; CHAD | § | |
| HECK, Individually and in his | § | |
| Official Capacity as Sergeant in the | § | |
| Jackson County Sheriff's | § | |
| Department; TRAVELERS | § | |
| CASUALTY AND SURETY | § | |
| COMPANY OF AMERICA, JOHN | § | |
| OR JANE DOES 1-10 | § | |

**ORDER GRANTING DEFENDANTS MIKE BYRD, HOPE THORNTON, LINDA JONES, EDDIE CLARK, AND CHAD HECK'S MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST THEM IN THEIR OFFICIAL CAPACITIES**

BEFORE THE COURT is the Motion to Dismiss [22] Plaintiff James Hagan's official capacity claims against Defendants Mike Byrd, Hope Thornton, Linda Jones, Eddie Clark, and Chad Heck. Having considered the Motion, Plaintiff's Amended

1

Response in Opposition [27],[1] the moving Defendants' Reply [29], the record, and relevant legal authorities, the Court is of the opinion that the Motion should be granted, and Plaintiff's official capacity claims against Defendants Mike Byrd, Hope Thornton, Linda Jones, Eddie Clark, and Chad Heck should be dismissed with prejudice.

I. BACKGROUND

Plaintiff James Hagan ("Plaintiff") filed suit against Defendants Jackson County, Mississippi, Mike Byrd, Hope Thornton, Linda Jones, Eddie Clark, Chad Heck, and Travelers Casualty and Surety Company of America on June 24, 2013. Compl. 1-6 [1].  Plaintiff advances several claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 stemming from allegations that Defendants falsely arrested Plaintiff and charged him with various crimes, all of which were subsequently dismissed. *Id*. 6-21.  Plaintiff asserts these claims against Defendants Mike Byrd, Hope Thornton, Linda Jones, Eddie Clark, and Chad Heck (the "Department Defendants") both individually and in their official capacities as members of the Jackson County Sheriff's Department. *Id*. at 1-6.

On August 26, 2013, the Department Defendants moved to dismiss Plaintiff's official capacity claims only.  Mot. to Dismiss 1 [22].  The Department Defendants note that Plaintiff has sued Jackson County and, relying upon *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), contend that Plaintiff's official capacity claims are merely redundant of Plaintiff's claims against Jackson County.  *Id*. at 2.

---

[1] On September 6, 2013, Plaintiff filed both his original Response in Opposition [26] and an Amended Response in Opposition [27].  The Amended Response in Opposition is identical to the original Response in Opposition but for a change to the certificate of service.

Plaintiff responds that *Graham* "only dictates that a municipality cannot be held liable on a respondeat superior basis and a judgment against an official in his or her personal capacity does not impose liability on the governmental entity." Am. Resp. in Opp'n to Mot. to Dismiss 2 [27].  According to Plaintiff, whether his official capacity claims against the Department Defendants are redundant of his claims against the County is irrelevant.  *Id.* at 3.  Plaintiff maintains that the Department Defendants and Jackson County are separate and distinct legal entities and thus dismissal of his official capacity claims is improper.  *Id.* at 4.

In Reply [29], the Department Defendants point out that the authority relied upon by Plaintiff arises from a district court in the Third Circuit and takes a position contrary to that taken by the Fifth Circuit Court of Appeals.  Reply to Pl.'s Am. Resp. in Opp'n to Mot. to Dismiss 2 [29].  Because Plaintiff has sued Jackson County, the Department Defendants posit that there is no legal basis for them to remain listed as Defendants in their official capacities.  *Id.*

## II. DISCUSSION

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Graham*, 473 U.S. at 165-66 (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)

3

(noting an action against a government official in his or her official capacity is tantamount to a suit against the government itself); *McCarthy v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004) (concluding official capacity suits should be treated as a suit against the entity for which the official acts as an agent).

The Department Defendants should be dismissed as parties because a claim brought against a governmental employee in his or her official capacity is actually a claim against the governmental entity itself. *Graham*, 473 U.S. at 165-66 (1985). Plaintiff has sued Jackson County, the governmental entity for which the Department Defendants acted as agents. Jackson County has received notice [14] of Plaintiff's suit and has responded [41]. While Plaintiff's individual capacity claims against the Department Defendants are legally distinct, Plaintiff's official capacity claims against the Department Defendants are redundant of Plaintiff's claims against Jackson County. For these reasons, Plaintiff's official capacity claims against the Department Defendants should be dismissed with prejudice. *See, e.g., Fife v. Vicksburg Healthcare, LLC*, 945 F. Supp. 2d 721, 731 (S.D. Miss. 2013) ("Plaintiff's official capacity claims against Defendant White are redundant since her employer . . . is a party to this lawsuit."); *Hinson v. Rankin Cnty., Miss.*, 873 F. Supp. 2d 790, 792 (S.D. Miss. 2012) (citing *Graham*, 473 U.S. at 165-66) ("The official capacity claims against Constable Bean and Sheriff Pennington are the functional equivalent of claims against Rankin County."); *McGee v. Parker*, 772 F. Supp. 308, 312 (S.D. Miss. 1991) (citing *Graham*, 473 U.S. at 165-66) ("[T]he

naming of a public official as a defendant in his official capacity is simply another way of pleading an action against the entity of which the officer is an agent.").

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff James Hagan's official capacity claims against Defendants Mike Byrd, Hope Thornton, Linda Jones, Eddie Clark, and Chad Heck are **DISMISSED WITH PREJUDICE**. Plaintiff's individual capacity claims against these Defendants remain pending.

**SO ORDERED AND ADJUDGED**, this the 10th day of February, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE