IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES HAGAN | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:13cv268-HSO-RHW |
| | § | |
| JACKSON COUNTY, MISSISSIPPI, | § | DEFENDANTS |
| MIKE BYRD, Individually and | § | |
| in his Official Capacity as | § | |
| Sheriff of Jackson County, | § | |
| Mississippi; HOPE THORNTON, | § | |
| Individually and in her Official | § | |
| Capacity as Detective in the | § | |
| Jackson County Sheriff's | § | |
| Department; LINDA JONES, | § | |
| Individually and in her Official | § | |
| Capacity as Detective in the | § | |
| Jackson County Sheriff's | § | |
| Department; EDDIE CLARK, | § | |
| Individually and in his Official | § | |
| Capacity as Detective in the Jackson | § | |
| County Sheriff's Department; CHAD | § | |
| HECK, Individually and in his | § | |
| Official Capacity as Sergeant in the | § | |
| Jackson County Sheriff's | § | |
| Department; TRAVELERS | § | |
| CASUALTY AND SURETY | § | |
| COMPANY OF AMERICA, JOHN | § | |
| OR JANE DOES 1-10 | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART INDIVIDUAL DEFENDANTS HOPE THORNTON,
LINDA JONES, EDDIE CLARK, AND CHAD HECK'S MOTION FOR
SUMMARY JUDGMENT AS TO MALICIOUS PROSECUTION CLAIM**

BEFORE THE COURT is the Motion for Summary Judgment on the Claim of

Malicious Prosecution [170] filed by individual Defendants Hope Thornton, Linda

Jones, Eddie Clark, and Chad Heck. The Motion is fully briefed. Having

1

considered the parties' submissions, the record, and relevant legal authorities, the Court is of the opinion that the Motion should be granted in part such that Defendants Jones, Clark, and Heck are entitled to judgment as a matter of law as to the malicious prosecution claim asserted against them by Plaintiff James Hagan. The Motion should be denied in part with respect to Plaintiff's malicious prosecution claim against Defendant Thornton, but this denial is only to the extent that the claim is predicated on the embezzlement charge instituted by Thornton against Plaintiff. Any malicious prosecution claim against Thornton arising out charges other than the embezzlement charge should be dismissed.

## I. BACKGROUND[1]

On November 29, 2011, Defendant Hope Thornton ("Thornton"), a detective with the Jackson County Sheriff's Office ("JCSO"), arrested Plaintiff on a charge of molestation. Dep. of Hope Thornton ("Thornton Dep.") 72:7-15; 73:5-9 [170-15]; JCSO Custody Form [139-18]; *see also* Arrest Warrant [170-12] [170-13].[2] Plaintiff's arrest arose from a report to the JCSO made by Rebie Walley ("Walley") that Plaintiff inappropriately touched his then sixteen-year-old stepdaughter, MW, as related to Walley by MW's stepsister, KS. Investigator's Report 1-3 [180-2]. After Walley's report, Thornton, JCSO Investigator Linda Jones ("Jones"), and members

---

[1] For a more detailed discussion of the background of this case, see the Court's September 30, 2014, Memorandum Opinion and Order [156] addressing the individual Defendants' Motion to Dismiss based on qualified immunity. For the purpose of addressing the present Motion for Summary Judgment [170], the Court recites the following facts which have specific relevance to the malicious prosecution claim advanced by Plaintiff James Hagan ("Plaintiff").

[2] The record reflects that Thornton was the person who obtained arrest warrants for Plaintiff as to each charge. Thornton Dep. 72:7-25 [170-15].

of the Mississippi Department of Human Services ("DHS") made contact with MW, and DHS subsequently performed a forensic interview of MW. Dep. of Linda Jones ("Jones Dep.") 15:13-16:1, 17:21-18:16 [170-16]. Thornton made the decision to arrest Plaintiff after Jones informed Thornton that during the forensic interview MW disclosed facts which substantiated Walley's report. Thornton Dep. 73:5-9, 91:15-93:1, 94:7-95:5 [170-15]. The molestation charge was submitted to a grand jury which returned a "no true bill" on or around June 25, 2012. Jackson County Grand Jury No Bill List [180-22].

Also on November 29, 2011, Thornton arrested Plaintiff on a charge of embezzlement of a laptop computer issued to Plaintiff by the City of Ocean Springs. [180-19]. Plaintiff had previously reported the laptop as missing, but the laptop was recovered from Plaintiff's possession on November 29, 2011, by Defendant Eddie Clark ("Clark"), a JCSO Investigator, and Defendant Chad Heck ("Heck"), a JCSO Sergeant. Dep. of Chad Heck ("Heck Dep.") 8:17-9:24 [170-18]. Thornton was directed by Captain Mick Sears ("Sears") to arrest Plaintiff on the charge of embezzling the laptop. Thornton Dep. 83:14-84:16 [170-15]. Although Thornton was aware Plaintiff had reported the laptop missing, Thornton did not have any other information regarding the laptop or the crime allegedly committed. *Id*. at 85:17-23, 88:16-89:6. Thornton did not know whether or to what extent the City of Ocean Springs had given Plaintiff the right to possess the laptop computer. *Id*. at 87:10-23. A grand jury returned a "no true bill" on the embezzlement charge on or around October 31, 2012. Jackson County Grand Jury No Bill List [180-23].

On December 6, 2011, Plaintiff was arrested for possession of child pornography based on a warrant obtained by Thornton. Arrest Warrant [170-13]. Thornton based the arrest on her scan of the laptop computer obtained from Plaintiff's possession by Clark and Heck, which was also the subject of the previous embezzlement charge. Investigator's Report 4 [180-2]. The scan revealed one image which Thornton believed constituted child pornography. Thornton Dep. 114:19-115:6 [170-15]. On August 21, 2012, a grand jury indicted Plaintiff on the child pornography charge, but the Jackson County District Attorney subsequently requested that the charge be dismissed. *Nolle Prosequi* Order [139-40].

On June 24, 2013, Plaintiff filed the Complaint [1] in this case advancing several claims against Defendants Hope Thornton, Linda Jones, Eddie Clark, and Chad Heck (collectively, "Individual Defendants"), one of which was a claim under state law for malicious prosecution. The Individual Defendants unsuccessfully sought dismissal of this claim on the basis of the one-year statute of limitations contained in Mississippi Code Section 15-1-35.[3] *See* Mem. Op. and Order 30-31 [156]. The Individual Defendants now seek summary judgment as to the state law malicious prosecution claim on grounds that Jones, Clark, and Heck did not "institute proceedings" against Plaintiff as required for a malicious prosecution claim under Mississippi law, and there is no evidence that Thornton acted with malice or that she lacked probable cause in charging Plaintiff with the crimes of

---

[3] The Court has previously explained that the malicious prosecution claim falls outside the scope of the Mississippi Tort Claims Act, Mississippi Code §§ 11-46-1 to -23 ("MTCA"). *See* Mem. Op. and Order 27 [156] (citing *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011)).

molestation, embezzlement, or child pornography. Mem. in Supp. of Individual Defs. Mot. for Summ. J. 7-11 [171].

## II. DISCUSSION

A. <u>Legal Standard</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). "A fact is 'material' if its resolution in favor of

one party might affect the outcome of the lawsuit under governing law[, and an] issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

B.  Analysis

   1.  Defendants Jones, Clark, and Heck Are Each Entitled to Judgment as a Matter of Law as to Plaintiff's Malicious Prosecution Claim

Defendants Jones, Clark, and Heck are entitled to judgment as a matter of law as to Plaintiff's claim for malicious prosecution because the record makes clear that these Defendants did not institute proceedings against Plaintiff at any point.

> The elements of a claim for malicious prosecution include: (1) The institution of a criminal proceeding; (2) by, or at the insistence of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the institution of the proceedings; (6) the suffering of injury or damage as a result of the prosecution.

*Parker v. Mississippi Game & Fish Comm'n*, 555 So. 2d 725, 728 (Miss. 1989) (citations omitted). Plaintiff has the burden of proving each element by a

preponderance of the evidence.  *Rollins v. Hattiesburg Police Dep't*, No. 2:14-cv-61-KS-MTP, 2015 WL 4276386, at *10 (S.D. Miss. July 14, 2015) (citing *Rainer v. Wal-Mart Assocs., Inc.*, 119 So. 3d 398, 403 (Miss. Ct. App. 2013)).

Although she provided assistance to Thornton, Jones simply relayed factual information to Thornton and did not recommend whether any charges should be brought against Plaintiff or determine whether or how Plaintiff should be charged.  Jones Dep. 25:1-15; 42:1-6 [170-16].  Due to this limited role, Jones cannot be viewed as having instituted any criminal proceedings against Plaintiff.  *See Eubanks v. Geo Grp., Inc.*, No. 4:06-cv-24-TSL-LR, 2008 WL 2779308, at *2 (S.D. Miss. July 14, 2008)) ("[A] party cannot be found to have instigated criminal proceedings where he merely provided what he believed to be accurate information to prosecuting authorities and then left to the authorities the decision whether to prosecute.") (citing *Downtown Grill, Inc. v. Connell*, 721 So. 2d 1113, 1117-18 (Miss. 1998)).  Plaintiff speculates without citation to record evidence that Jones "gave advice or encouragement" to Thornton, and Plaintiff offers no legal authority supporting his theory that Jones can be considered as having instituted proceedings against him based on the facts here.  *See* Mem. in Supp. of Resp. in Opp'n to Individual Defs.' Mot. for Summ. J. 13-14 [181].  Such argument is insufficient to avoid summary judgment.  *Brown v. Nat'l R.R. Passenger Corp.*, No. 3:08cv559-KS-MTP, 2011 WL 1130545, at *9 (S.D. Miss. Mar. 28, 2011) ("[S]peculation and

7

conjecture are not circumstantial evidence."), *aff'd sub nom.*, *Brown v. Illinois Cent. R. Co.*, 705 F.3d 531 (5th Cir. 2013).

The sole, limited role of both Clark and Heck was simply to travel to the City of Moss Point Code Enforcement Office, obtain possession of Plaintiff's cellular telephone and the laptop computer which had been issued to Plaintiff by the City of Ocean Springs, and deliver those items to Hope Thornton. Clark Dep. 25:1-22, 28:24-29:5 [170-17]; Heck Dep. 14:16-15:19, 19:21-23 [170-18]. Plaintiff appears to rely upon *Royal Oil Company v. Wells* to argue Heck and Clark should be considered "active participants in [Plaintiff's] arrest[,]" but *Royal Oil* is distinguishable because the defendant labeled an "active participant" in that case actually signed the affidavit against the plaintiff alleging that the plaintiff embezzled $1.53 from Royal Oil Company, and then reported the plaintiff's arrest to the company. 500 So. 2d 439, 447 (Miss. 1986); *see also* Mem. in Supp. of Resp. in Opp'n to Individual Defs.' Mot. for Summ. J. 12 [181].

Based on the foregoing, Jones, Clark, and Heck are entitled to judgment as a matter of law on Plaintiff's claim for malicious prosecution because Plaintiff has not met his burden of showing these Defendants "instituted proceedings" against him.

> 2. <u>Defendant Thornton is Not Entitled to Judgment as a Matter of Law as to Plaintiff's Malicious Prosecution Claim With Respect to the Embezzlement Charge</u>
>
> a. <u>Whether Thornton Acted With "Malice" as that Term is Applied in the Context of a Malicious Prosecution Claim Under Mississippi Law</u>

In contrast to Jones, Clark, and Heck, Thornton is not entitled to judgment as a matter of law as to the malicious prosecution claim based on the embezzlement charge, because there is sufficient evidence to create a jury question on whether Thornton acted with malice in instituting proceedings against Plaintiff as to the crime of embezzlement.[4]  In the context of the tort of malicious prosecution under Mississippi law, malice "connotes a prosecution instituted primarily for a purpose other than that of bringing an offender to justice[,]" and the focus of the analysis is "on the objective of the defendant who instituted the criminal proceedings." *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 974 (Miss. 2001) (citations omitted).  Succinctly stated, "[t]he malice required for malicious prosecution occurs when the primary purpose of prosecuting is one other than 'bringing an offender to justice.'" *Coleman v. Smith*, 914 So. 2d 807, 811 (Miss. Ct. App. 2005) (quoting *Strong v. Nicholson*, 580 So. 2d 1288, 1293 (Miss. 1991)).  "Malice does not refer, in this context, to evil intent.  Rather, it refers to [the defendant's] objective or purpose in instituting the proceedings." *Hammack v. Czaja*, 769 So. 2d 847, 854 (Miss. Ct. App. 2000) (citing *Benjamin v. Hooper Elec. Supply Co.*, 568 So. 2d 1182, 1191 (Miss. 1990)).  "[T]he question of malice is to be determined by the jury unless only

---

[4] The parties do not appear to dispute that Thornton instituted proceedings against Plaintiff as to each of the crimes charged.

one conclusion may reasonably be drawn from the evidence." *Owens v. Kroger Co.*, 430 So. 2d 843, 848 (Miss. 1983) (citation omitted).

 Here, a question of material fact for jury resolution exists on whether Thornton acted with "malice" when she instituted criminal proceedings against Plaintiff for embezzlement on the evening of November 29, 2011. Vickie Spears, an employee with the JCSO, recalled that on the morning of November 29, 2011, Jackson County Sheriff Mike Byrd ("Sheriff Byrd") asked Thornton about the status of the investigation into Plaintiff. Aff. of Vickie Spears ¶ 4 [180-4]. Spears has testified in her Affidavit that Sheriff Byrd then stated in Thornton's presence that he "want[ed Plaintiff's] ass in jail today[,]" and that Sheriff Byrd did not "care what [Thornton had] to do . . . ." *Id.*

 At the time she charged Plaintiff with embezzlement, Thornton acknowledged that she had no documentation from the City of Ocean Springs to support the charge and that she simply relied upon Captain Mick Sears' statement that Plaintiff had embezzled the laptop computer. Thornton Dep. 83:14-84:16 [170-15]. Thornton testified that she did not "make the decision" to arrest Hagan on the embezzlement charge without an arrest warrant and that she was "instructed" by Captain Sears "[t]o take [Plaintiff] into custody." Grand Jury Test. of Detective Hope Manning (Thornton) 10:430-11:486 [180-3]. This evidence creates a material question of fact as to whether Thornton instituted embezzlement charges against Plaintiff for a "primary purpose" other than bringing Plaintiff to justice. *See Coleman*, 914 So. 2d at 811. Thornton is not entitled to summary judgment as to

the malicious prosecution claim insofar as that claim is predicated on Thornton's institution of embezzlement charges against Plaintiff.

The record, however, does not support a finding that Thornton acted with "malice" when instituting criminal proceedings against Plaintiff with respect to the charges for molestation or child pornography. At the time Thornton instituted molestation charges against Plaintiff, Thornton was aware of the information reported to the JCSO by Walley and had been informed by Jones that MW had disclosed facts substantiating the behavior reported by Walley. Thornton Dep. 91:15-93:10, 94:7-95:5 [170-15]. Plaintiff maintains that Thornton should have taken more steps to independently verify what MW stated, but this is insufficient to create a jury question on whether Thornton's "objective or purpose" was malicious in bringing about criminal proceedings for molestation. *Hammack*, 769 So. 2d at 854.

Plaintiff seems to argue that Thornton acted with malice when she instituted criminal proceedings for possession of child pornography because Sheriff Byrd was allegedly angry at the fact that Thornton's scan of the laptop computer obtained from Plaintiff yielded only one illicit image. Mem. in Supp. of Resp. in Opp'n to Individual Defs.' Mot. for Summ. J. 17 [181]. Plaintiff, however, offers no evidence to dispute that the image was found, the nature of the image, or that the image was found before Thornton sought a warrant for Plaintiff's arrest. *Id*.; *see also* Investigator's Report 4 [180-2], Aff. in State Cases [170-7], Warrant [170-13]. Accordingly, Plaintiff has not carried his summary judgment burden with respect to

11

his malicious prosecution claim to the extent that claim is predicated on Thornton's institution of criminal proceedings against Plaintiff on the molestation or child pornography charges.

      b.    <u>Whether Thornton Had Probable Cause as that Phrase is Applied in the Context of a Malicious Prosecution Claim Under Mississippi Law</u>

Thornton also contends that she is entitled to summary judgment on the malicious prosecution claim because Plaintiff cannot demonstrate a question of material fact as to the fifth element of a claim for malicious prosecution, namely that there existed a "want of probable cause" for instituting proceedings against Plaintiff.[5] "Probable cause is determined from the facts apparent to the observer when the prosecution is initiated." *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 973 (Miss. 2001) (citation omitted). "Probable cause requires both (1) a subjective element-an honest belief in the guilt of the person accused, and (2) an objective element-reasonable grounds for such belief." *Williams v. Jitney Jungle, Inc.*, 910 So. 2d 39, 42 (Miss. Ct. App. 2005) (citing *Benjamin*, 568 So. 2d at 1191). Simply put, "[p]robable cause in the context of malicious prosecution means

---

[5] Thornton seems to rely heavily upon her belief that the Court's prior finding that probable cause existed in the context of Plaintiff's false arrest claim under 42 U.S.C. § 1983 controls whether there was a "want of probable cause" as to Thornton's institution of criminal proceedings against Plaintiff on the embezzlement charge. Rebuttal 6-10 [186]. However, the Court's prior Memorandum Opinion and Order [156] found only that "probable cause arguably existed to arrest Plaintiff on the molestation charge[,]" at the time that Plaintiff was simultaneously arrested for molestation and embezzlement, such that the arrest itself was supported by probable cause. The Court specifically stated that this finding "forecloses the need to evaluate whether probable cause existed to support the arrest . . . on the embezzlement charge." *See* Mem. Op. and Order 16- 18 [156] (citing *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (per curiam)). Accordingly, the Court's finding that probable cause existed in the context of Plaintiff's § 1983 false arrest claim is not dispositive of whether Thornton had independent probable cause to institute criminal proceedings on the separate charge of embezzlement.

reasonable cause." *Presley v. S. Cent. Bell Tel. Co.*, 684 F. Supp. 1397, 1399 (S.D. Miss. 1988).

The record reflects that when Thornton instituted proceedings against Plaintiff with respect to the charge of molestation, Thornton possessed an honest belief that Plaintiff had committed the acts giving rise to the charge, and that belief was objectively reasonable. Walley reported MW's stepsister had been told by MW that Plaintiff was "touching her[,]" "talking trash[,]" would "crawl[] in bed with [MW,]" and that MW "was very upset that [Plaintiff] was touching her." Thornton Dep. 20:19-23, 24:17-23 [170-15]. Thornton personally observed Walley's report, a forensic interview of MW was subsequently performed, and Thornton was informed that during the forensic interview MW disclosed facts corroborating Walley's report. *Id.* at 13:19-14:7, 65:2-12, 91:23-93:1; Dep. of Linda Jones ("Jones Dep.") 44:21-25 [170-16]. The fact that Thornton based this belief on both Walley's report and the disclosure by MW during her forensic interview renders Thornton's belief objectively reasonable. Thornton Dep. 94:7-95:5 [170-15]; *see also Presley*, 684 F. Supp. at 1401 ("Probable cause is not to be equated with absolute certainty as to the legal viability of a [charge], nor even reasonable certainty. Rather, what is necessary is that [Thornton] have had a reasonable basis in law for asserting the [charge].").

In addition, at the time Thornton sought a warrant for Plaintiff's arrest on the charge of possession of child pornography, the record does not create a dispute of fact that Thornton possessed an honest belief that Plaintiff was guilty of this

13

charge, and this belief was objectively reasonable based on her scan of the laptop computer obtained from Plaintiff. Thornton Dep. 114:19-115:20, 117:3-17 [170-15]. Thornton is entitled to judgment as a matter of law as to Plaintiff's claim for malicious prosecution insofar as the claim is based on Thornton's decision to charge Plaintiff with molestation and child pornography.

With respect to Thornton's decision to charge Plaintiff with embezzlement of the laptop computer issued to Plaintiff by the City of Ocean Springs, Thornton based this charge on the fact that Captain Sears told her that Plaintiff had converted the laptop. Thornton Dep. 83:14-84:16 [170-15]. Even assuming that Captain Sears' statement constituted a sufficient basis on which to form an "honest belief" that Plaintiff had committed the crime of embezzlement with respect to the laptop computer, a fact question exists as to whether such a belief would be objectively reasonable under the specific facts of this case.

The record indicates that Captain Sears did not supply Thornton with any additional supporting facts, the only other knowledge Thornton had at the time she instituted proceedings on the embezzlement charge was that Plaintiff had previously reported the laptop as missing, and Thornton did not know whether or to what extent the City of Ocean Springs had given Plaintiff the right to possess the laptop computer. Thornton Dep. 88:16-89:6, 85:7-23, 87:10-17 [170-15]. On these facts, a question of fact exists regarding whether Thornton's belief that Plaintiff had committed the crime of embezzlement of the laptop was objectively reasonable. *See Alpha Gulf Coast, Inc. v. Jackson*, 801 So. 2d 709, 722 (Miss. 2001) (affirming jury

verdict for plaintiff on malicious prosecution claim where the individual who instituted criminal proceedings against the plaintiff for disorderly conduct "did not know whether [the plaintiff] was doing anything unlawful" at the time in question and thus could not have had a reasonable grounds to believe the plaintiff was guilty).  To the extent Thornton seeks summary judgment as to Plaintiff's malicious prosecution claim predicated on Plaintiff's arrest for embezzlement, Thornton's Motion will be denied.

### III. CONCLUSION

Based on the foregoing, Defendants' Motion for Summary Judgment should be granted in part and denied in part.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that the Motion for Summary Judgment on the Claim of Malicious Prosecution filed by Defendants Hope Thornton, Linda Jones, Eddie Clark, and Chad Heck is **GRANTED IN PART** as to Plaintiff's malicious prosecution claim against Defendants Jones, Clark, and Heck, and as to Plaintiff's malicious prosecution claim against Defendant Thornton to the extent it is predicated on the child molestation and child pornography charges lodged against Plaintiff.  The Motion is **DENIED IN PART** as to Plaintiff's malicious prosecution claim against Defendant Thornton to the extent that the malicious prosecution claim is predicated on Thornton's having instituted criminal proceedings for embezzlement against Plaintiff.  This claim will proceed to trial.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that because all claims advanced against Defendants Linda Jones, Eddie Clark, and Chad Heck have been dismissed, Defendants Jones, Clark, and Heck are **DISMISSED** as parties from this case.

**SO ORDERED AND ADJUDGED**, this the 25th day of September, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE