IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES HAGAN § | | PLAINTIFF |
| § | | |
| v. § | | CIVIL NO.: 1:13cv268-HSO-RHW |
| § | | |
| JACKSON COUNTY, MISSISSIPPI, § | | DEFENDANTS |
| MIKE BYRD, Individually and § | | |
| in his Official Capacity as § | | |
| Sheriff of Jackson County, § | | |
| Mississippi; HOPE THORNTON, § | | |
| Individually and in her Official § | | |
| Capacity as Detective in the § | | |
| Jackson County Sheriff's § | | |
| Department; LINDA JONES, § | | |
| Individually and in her Official § | | |
| Capacity as Detective in the § | | |
| Jackson County Sheriff's § | | |
| Department; EDDIE CLARK, § | | |
| Individually and in his Official § | | |
| Capacity as Detective in the Jackson § | | |
| County Sheriff's Department; CHAD § | | |
| HECK, Individually and in his § | | |
| Official Capacity as Sergeant in the § | | |
| Jackson County Sheriff's § | | |
| Department; TRAVELERS § | | |
| CASUALTY AND SURETY § | | |
| COMPANY OF AMERICA, JOHN § | | |
| OR JANE DOES 1-10 § | | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS CERTAIN CLAIMS [176] FILED BY DEFENDANT JACKSON COUNTY, MISSISSIPPI, AND GRANTING MOTION TO DISMISS CERTAIN CLAIMS [179] FILED BY DEFENDANT MIKE BYRD**

BEFORE THE COURT is the Motion to Dismiss Certain Claims [176] filed by Defendant Jackson County, Mississippi, and the Motion to Dismiss Certain Claims [179] filed by Defendant Mike Byrd. The Motions are fully briefed. Having

1

considered the parties' submissions, the record, and relevant legal authorities, the Court is of the opinion that the Motions [176] [179] should be granted. Consequently, Plaintiff's claims against Jackson County for (1) violation of Plaintiff's rights secured by the First, Fifth, and Ninth Amendments to the United States Constitution, (2) false arrest, false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotional distress, all under state law, (3) respondeat superior liability, (4) malicious prosecution and abuse of process under § 1983, and (5) punitive damages, should be dismissed. In addition, Plaintiff's claims against Mike Byrd for (1) violation of Plaintiff's rights secured by the First, Fifth, and Ninth Amendments to the United States Constitution, (2) malicious prosecution and abuse of process under § 1983, (3) false arrest, false imprisonment, abuse of process, and intentional infliction of emotional distress, all under state law, and (4) punitive damages under state law to the extent Plaintiff's claims against Byrd fall within the Mississippi Tort Claims Act, Mississippi Code Annotated §§ 11-46-1 to -23, should be dismissed.

## I. BACKGROUND[1]

On November 29, 2011, Detective Hope Thornton ("Thornton"), a detective with the Jackson County Sheriff's Office ("JCSO") arrested Plaintiff James Hagan ("Plaintiff") on charges of molestation of his then-sixteen year-old stepdaughter and

---

[1] For a more detailed discussion of the factual background of this case, see the Court's September 30, 2014, Memorandum Opinion and Order [156] addressing the Motion for Summary Judgment Based on Qualified Immunity filed by Defendants Hope Thornton, Linda Jones, Eddie Clark, and Chad Heck. For purposes of addressing the present Motions to Dismiss [176] [179], the Court recites those facts which bear specific relevance to these Motions [176] [179].

embezzlement of a laptop computer issued to Plaintiff by the City of Ocean Springs. Dep. of Hope Thornton ("Thornton Dep.") 72:7-15; 73:5-9 [170-15]; JCSO Custody Form [139-18]; *see also* Aff. in State Cases [180-19]; Arrest Warrant [170-12] [170-13]. Detective Linda Jones ("Jones") provided assistance to Thornton in the investigation leading to the molestation charge, and JCSO officers Eddie Clark ("Clark") and Chad Heck ("Heck") briefly assisted Thornton in the investigation underlying the embezzlement charge. *See* Mem. Op. and Order 3-6 [156]. On December 6, 2011, Thornton arrested Plaintiff on a charge of possession of child pornography after a scan of a laptop computer obtained from Plaintiff's possession yielded an illicit image. JCSO Custody Form [139-33]. The molestation charge was submitted to a grand jury which returned a "no true bill" on or around June 25, 2012. Jackson County Grand Jury No Bill List [180-22]. A grand jury returned a "no true bill" for the embezzlement charge on or around October 31, 2012. Jackson County Grand Jury No Bill List [180-23]. A grand jury indicted Plaintiff on August 21, 2012, on the charge of exploitation of a child based on the child pornography found on the laptop computer retrieved from Plaintiff's possession, but on November 30, 2012, the Jackson County District Attorney had the charge dismissed. *Nolle Prosequi* Order [139-40].

On June 24, 2013, Plaintiff filed the Complaint [1] in this case advancing claims against several Defendants, including Jackson County, Mississippi ("Jackson County" or "the County") and the former Sheriff of Jackson County, Mike Byrd ("Byrd"). Jackson County and Byrd now move to dismiss certain of Plaintiff's

3

claims. Jackson County Mot. 1 [176]; Byrd Mot. 1 [179]. In particular, Jackson County and Byrd seek dismissal of any claim Plaintiff advances based on an alleged violation of his rights under the First, Fifth, and Ninth Amendments to the United States Constitution. Jackson County Mot. 2-4, 9 [176]; Byrd Mot. 2-4, 7-8 [179]. The County and Byrd also seek dismissal of Plaintiff's claims for malicious prosecution and abuse of process under § 1983. Jackson County Mot. 4-5 [176]; Byrd Mot. 4-5 [179]. With respect to Plaintiff's claims under state law, the County and Byrd seek dismissal of Plaintiff's claims for false arrest, false imprisonment, abuse of process, and intentional infliction of emotional distress as being barred by the one-year statute of limitations set forth in the Mississippi Tort Claims Act, Mississippi Code Annotated §§ 11-46-1 to -23 ("MTCA"). Jackson County Mot. 5-6, 7 [176]; Byrd Mot. 5-6 [179].

    The County further posits that Plaintiff's malicious prosecution claim and any other state law claims based on actions of County employees which fall outside the scope of their employment should be dismissed on grounds that the County is immune from such claims. Jackson County Mot. 6-7 [176]. The County also maintains that Plaintiff's claim that the "individual [D]efendants' acts and omissions" giving rise to liability pursuant to 1983 "are directly chargeable to" the County on a theory of respondeat superior is not cognizable against the County. *Id*. at 8. Both the County and Byrd seek dismissal of Plaintiff's request for punitive damages based on the state law claims advanced on grounds that, to the extent

those state law claims fall within the MTCA, an award of punitive damages against the County or Byrd is precluded. Jackson County Mot. 9 [176]; Byrd Mot. 7 [179].

## II. DISCUSSION

A.   Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all well-pleaded facts must be viewed in the light most favorable to the plaintiff. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). On the other hand, courts "do not accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Rather, a plaintiff must set forth specific facts, not conclusory allegations. *Blackwell*, 440 F.3d at 286.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556-57, 570).

5

"[T]he mere presence of additional issues in the record" does not require the Court to treat a motion to dismiss pursuant to Rule 12(b)(6) as one for summary judgment. *Britton v. Seale*, 81 F.3d 602, 605 n.1 (5th Cir. 1996) (citation omitted). The Court may consider matters of public record in resolving a motion to dismiss. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating that courts may consider "matters of which a court may take judicial notice" when reviewing a motion to dismiss pursuant to Rule 12(b)(6)). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

B.  Analysis

    1.  Plaintiff Has Not Sufficiently Pleaded a First Amendment Claim

Jackson County and Byrd contend that Plaintiff has not set forth factual allegations sufficient to state a plausible claim under the First Amendment. Jackson County Mot. 3 [176]; Byrd Mot. 3 [179]. Plaintiff asserts that the Complaint contains facts which, if accepted as true, state a valid First Amendment claim, and directs the Court to the allegation that "[Plaintiff], aware of his rights and the fact that the Defendants were acting unlawfully, assertively pleaded with the Defendants to initially refrain, then to cease the violations of his rights." Resp. in Opp'n to Mot. to Dismiss 4 [189] (quoting Compl. ¶ 119).[2] Plaintiff further notes

---

[2] Plaintiff offers the same response to Byrd's Motion to Dismiss. *See* Resp. in Opp'n to Def. Mike Byrd's Mot. to Dismiss 4 [194].

that "as . . . has been fleshed out in discovery," Sheriff Byrd and other members of the JCSO were retaliating against Plaintiff for the latter having supported Sheriff Byrd's opponents in "the 2007 and 2011 Sheriff's elections . . . ." *Id.*

The Complaint does not sufficiently state a claim for a violation of Plaintiff's First Amendment rights. "A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). While the Complaint contains several references to Plaintiff's rights under the First Amendment, the Complaint itself lacks factual allegations sufficient to show that Plaintiff has a plausible claim for relief against the County or Byrd under the First Amendment. Compl. ¶¶ 111, 114, 117, 130 [1]. Plaintiff instead points to facts which have been "fleshed out in discovery . . . ." Resp. in Opp'n to Mot. to Dismiss 4 [189]. These facts, which appear for the first time in response to the County and Byrd's Motions [176] [179], yet apparently originate from Plaintiff's own version of events, were not included in the Complaint, and are thus insufficient to avoid dismissal for failure to state a claim. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007) ("[A] 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits."). Consequently, Plaintiff's First Amendment claim against the County and Byrd will be dismissed.

2.  <u>Plaintiff Fails to State a Claim under either the Fifth Amendment or the Ninth Amendment</u>[3]

Insofar as Plaintiff attempts to state claims against Jackson County and Byrd under the Fifth Amendment or the Ninth Amendment, those claims will be dismissed. Plaintiff invokes the Fifth Amendment at various times in the Complaint, claiming violations of his "right not to be deprived of liberty without due process of law, as guaranteed by Amendment[] V . . . of the United States Constitution." *See* Compl. ¶¶ 84, 87, 93 [1]. Plaintiff also alleges that "his rights guaranteed by the . . . Ninth Amendment" have been violated. *Id*. at ¶ 75. Any potential claim Plaintiff seeks to assert under the Fifth Amendment is foreclosed because "[t]he Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)). As a political subdivision of the State of Mississippi, the County is not considered a federal actor. As the County's Sheriff, Byrd also is not considered a federal actor. Plaintiff's Ninth Amendment claims must be dismissed as well because "[t]he Ninth Amendment does not confer substantive rights upon which civil rights claims may be based." *Johnson v. Texas Bd. of Criminal Justice*, 281 F. App'x 319, 320 (5th Cir.

---

[3] In his Responses [189] [194] to both Motions [176] [179], Plaintiff appears to concede that any claims asserted under the Fifth Amendment should be dismissed but purports to reserve the ability to "seek leave to amend" to add a claim under the Fifth Amendment should he believe the facts would support such a claim. Resp. in Opp'n to Jackson County Mot. 5 [189]; Resp. in Opp'n to Byrd Mot. 5 [194]. Although his Response [194] to Byrd's Motion [179] includes a similar concession as to his Ninth Amendment claim against Byrd, there is no similar concession as to the purported Ninth Amendment claims advanced against the County. *See* Resp. in Opp'n to Jackson County Mot. 19 [189]; Resp. in Opp'n to Byrd Mot. 14 [194]. The Court thus will briefly address Plaintiff's claims under the Fifth and Ninth Amendments.

2008) (citing *Froehlich v. Wisconsin Dep't of Corr.*, 196 F.3d 800, 801 (7th Cir. 1999)). Plaintiff's claims under the Fifth and Ninth Amendments will be dismissed.

   3. <u>Plaintiff's Claims for Malicious Prosecution and Abuse of Process Under § 1983 Should Be Dismissed</u>

As the Court has previously held, Plaintiff's claims under § 1983 for malicious prosecution and abuse of process are not independently cognizable. *See* Mem. Op. and Order 14 [156]. Precedent from the Fifth Circuit Court of Appeals directs that there is no clearly established, freestanding federal constitutional right to be free from malicious prosecution or abuse of process. *See, e.g., Cevallos v. Silva*, 541 F. App'x 390, 394 (5th Cir. 2013) (per curiam) (The Fifth Circuit "has rejected a freestanding right to be free from . . . abuse of process.") (citing *Sisk v. Levings*, 868 F.2d 159, 161-62 (5th Cir. 1989)); *Bloss v. Moore*, 269 F. App'x 446, 448 (5th Cir. 2008) (per curiam) (The Fifth Circuit "no longer recognizes a freestanding § 1983 claim for malicious prosecution.") (citing *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc)). As a consequence, Plaintiff's § 1983 claims for malicious prosecution and abuse of process against the County and Byrd will be dismissed.[4]

   4. <u>The County Cannot Be Liable to Plaintiff Under § 1983 on a Theory of Respondeat Superior</u>

Plaintiff advances a theory of respondeat superior liability against Jackson County on the basis of the actions of Byrd, Thornton, Jones, Clark, and Heck, whom

---

[4] Plaintiff appears to assert under § 1983 a claim for "kidnapping." Compl. 28 [1]. Plaintiff cites no legal authority indicating that this is a cognizable claim under § 1983. Assuming it were, any allegations supporting a § 1983 kidnaping claim are subsumed by Plaintiff's § 1983 claims for false arrest and false imprisonment.

9

Plaintiff asserts were acting in the course and scope of their employment with Jackson County at all relevant times. Compl. 33-34 [1]. "To establish municipal liability, the plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy." *Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013) (citation and internal marks omitted). "A plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom.'" *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

Jackson County and Plaintiff correctly agree that the County may be held liable when injury is inflicted through execution of policies or customs "'by those whose edicts or acts may fairly be said to represent official policy . . . .'" *Flores v. Cameron Cnty., Tex.*, 92 F.3d 258, 263 (5th Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)) (emphasis removed); *see also* Mot. to Dismiss Certain Claims 8 [176], Resp. in Opp'n to Mot. to Dismiss 18 [189].[5] However, the County's "liability may not rest on a theory of respondeat superior." *Flores*, 92 F.3d

---

[5] Jackson County does not appear to seek dismissal of any claims predicated on the "deprivation of the civil and constitutional rights of Plaintiff" allegedly caused by "customs, policies[,] and practices" instituted by Byrd. *See* Mot. to Dismiss Certain Claims 8 [176] (noting that "Plaintiff makes allegations in other parts of his Complaint regarding 'policies, practices[,] and procedures' of [Byrd], and the 'policy and custom' argument is not a subject of this Motion to Dismiss."). Thus, the Court's decision that the County is not liable to Plaintiff under § 1983 on a theory of respondeat superior claim has no bearing on whether the County may be found liable under § 1983 for execution of policies or customs allegedly created by Byrd.

at 263 (citation omitted). Because Jackson County cannot be held liable to Plaintiff on a theory of respondeat superior, Count X of the Complaint [1] will be dismissed.

   5. <u>Plaintiff's Request for Punitive Damages Against the County and Byrd</u>

  To the extent that Plaintiff seeks an award of punitive damages against Jackson County and Byrd, Plaintiff cannot recover such damages against the County under either federal or Mississippi law, or against Byrd under the MTCA.[6] Looking first to Plaintiff's request based on his claims against the County, "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). The Fifth Circuit Court of Appeals has applied this legal rule to preclude an award of punitive damages against Hinds County, Mississippi. *See Stern v. Hinds Cnty., Miss.*, 436 F. App'x 381, 382 (5th Cir. 2011) (citing *City of Newport*, 453 U.S. at 271). The MTCA also precludes an award of punitive damages against Jackson County. Miss. Code. Ann. § 11-46-15(2) ("No judgment against a governmental entity or its employee for any act or omission for which immunity is waived under [the MTCA] shall include an award for . . . punitive damages . . . ."). Plaintiff's claim for punitive damages against the County will be dismissed in its entirety.

  Byrd likewise seeks dismissal of any claim for punitive damages on grounds that the MTCA prohibits an award of punitive damages "against a governmental entity or its employee for any act or omission for which immunity is waived under"

---

[6] Plaintiff concedes that he is not entitled to an award of punitive damages related to claims under § 1983 but does not appear to address the County's position that Plaintiff is similarly not entitled to an award of punitive damages under Mississippi law.

the MTCA. Byrd Mot. to Dismiss 7 [179]. Without disputing this contention, Plaintiff appears to assert that unless Jackson County agrees that Byrd was acting in the course and scope of his employment at all times, Byrd cannot avail himself of the immunity provided by the MTCA. *See* Resp. in Opp'n to Byrd's Mot. 13-14 [194]. Insofar as Plaintiff alleges that Byrd was acting within the course and scope of his employment, Byrd's conduct falls within the MTCA, which plainly prohibits an award of punitive damages against Byrd as a governmental employee. Thus, to the extent that Plaintiff alleges Byrd was acting within the course and scope of his employment with the County, any claim against Byrd for punitive damages that falls within the scope of the MTCA will be dismissed.

Plaintiff has also advanced against Byrd in his individual capacity claims under § 1983 and further alleged facts which would remove Byrd from the protections of the MTCA. *See* Compl. 22-25 (asserting § 1983 claims for false arrest and false imprisonment), 20 (alleging Byrd "acted willfully, maliciously, . . . and with intentional and wanton disregard" toward Plaintiff's rights), 24-25 (advancing a claim for malicious prosecution under state law). To the extent these claims remain pending, Plaintiff may be entitled to an award of punitive damages against Byrd.

6.      Plaintiff's State Law Claims

Plaintiff advances state law claims against Jackson County and Byrd for false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and abuse of process. Compl. 21-28, 32-33 [1]. Jackson County

and Byrd[7] seek dismissal of these claims on grounds that they are barred by the MTCA's one-year statute of limitations, and alternatively, that the County is immune from such claims to the extent County employees were acting outside the course and scope of their employment. Jackson County Mot. 5-6, 7 [176]; Byrd Mot. 5-6 [179].[8]

As an initial matter, the County is immune from Plaintiff's state law claim for malicious prosecution. The MTCA provides that "a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted . . . malice . . . ." Miss. Code Ann. § 11-46-5(2) (1992). A claim for malicious prosecution requires proof of malice, and thus the County is immune from any such claim. *Weible v. Univ. of S. Mississippi*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011) ("[T]orts which require proof of malice as an essential element are excluded from the MTCA . . . .") (citing *Zumwalt v. Jones County Bd. of Supervisors*, 19 So. 3d 672, 688-89 (Miss. 2009)). Plaintiff's argument that he is actually asserting a claim for "prosecution without probable cause" is unavailing and will not avoid dismissal of his malicious prosecution claim as

---

[7] Although he seeks dismissal of Plaintiff's § 1983 claim for malicious prosecution and abuse of process, Byrd does not seek dismissal of Plaintiff's malicious prosecution claim asserted under state law. *See* Byrd Mot. 4-5 [179]. This claim therefore remains pending as against Byrd.

[8] Inasmuch as Plaintiff's claims are based on any actions occurring outside the course and scope of Byrd, Thornton, Jones, Clark, and Heck's employment with the JCSO, the County is immune from Plaintiff's claims under the MTCA. *See L.T. ex rel. Hollins v. City of Jackson*, 145 F. Supp. 2d 750, 757 (S.D. Miss. 2000) ("The MTCA precludes claims against a governmental entity for an employee's actions occurring outside the course and scope of his employment.") (citing Miss. Code Ann. § 11-46-5 (1972)), *aff'd sub nom.*, *Hollins v. City of Jackson, Mississippi*, 245 F.3d 790 (5th Cir. 2000).

against the County. Resp. in Opp'n to Mot. to Dismiss Certain Claims 5-8 [189]. Plaintiff's malicious prosecution claim against the County will be dismissed.

Plaintiff's remaining state law claims under the MTCA against both the County and Byrd should be dismissed as time-barred based on the MTCA's one-year statute of limitations.[9] "The MTCA's one-year statute of limitations applies to claims against . . . a county" and its employees acting within the course and scope of their employment. *Copiah Cnty. Sch. Dist. v. Buckner*, 61 So. 3d 162, 168 (Miss. 2011) (citing Miss. Code Ann. § 11-46-11(3)); *see also McGehee v. DePoyster*, 708 So. 2d 77, 80 (Miss. 1998) (noting that Section 11-46-11(3) applies to a government employee who was acting in the course and scope of his employment). Plaintiff was arrested for molestation and embezzlement on November 29, 2011, and for child pornography on December 6, 2011, and thus his subsequent claims against the County and Byrd for false arrest and false imprisonment under the MTCA must have been filed by November 29, 2012, and December 6, 2012, respectively. *Brooks v. Pennington*, 995 So. 2d 733, 738 (Miss. Ct. App. 2007) (noting complaints for false arrest and false imprisonment accrue on the date of arrest) (citation omitted). The Complaint [1], however, was not filed until June 24, 2013.

With respect to Plaintiff's claim for abuse of process, the Court has previously found that "the final act related to the 'abuse' which Plaintiff complains Defendants perpetrated occurred on April 4, 2012, when Thornton submitted a sworn affidavit

---

[9] Plaintiff's malicious prosecution claim against Byrd is not raised under the MTCA, and thus that claim remains pending notwithstanding the dismissal of Plaintiff's other state law claims under the MTCA.

seeking search warrants for two hard drives previously seized from Plaintiff's residence[,]" and therefore, Plaintiff was required to file any claim for abuse of process under the MTCA by April 4, 2013. Mem. Op. and Order 29 [156]; *see also Delaney v. Mississippi Dep't of Pub. Safety*, No. 3:12cv229-TSL-MTP, 2013 WL 286365, at *9 (S.D. Miss. Jan. 24, 2013) ("A cause of action for abuse of process . . . accrues at the termination of the acts which constitute the abuse complained of, and not from the completion of the action which the process issued . . . ."), *aff'd*, 554 F. App'x 279 (5th Cir. 2014) (citations and internal marks omitted). Plaintiff's abuse of process claim against the County and Byrd is time-barred.

Similarly, Plaintiff's claim for intentional infliction of emotional distress under the MTCA is time-barred because the claim accrued during the investigation leading up to the criminal charges filed against Plaintiff in November and December 2011.[10] *See* Mem. Op. and Order 29 [156]; *see also Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 841 (S.D. Miss. 2011) (noting that a claim for "intentional infliction of emotional distress premised on filing of frivolous lawsuit . . . accrued and limitations period began to run when case was filed") (citing *Randolph v. Lambert*, 926 So. 2d 941, 945 (Miss. Ct. App. 2006)).

---

[10] At least one Mississippi Supreme Court case treats a claim for intentional infliction of emotional distress as falling outside the scope of the MTCA, but the Court need not specifically resolve the issue of whether claims for intentional infliction of emotional should always be treated as outside the scope of the MTCA. *See Lee v. Thompson*, 859 So. 2d 981, 987 (Miss. 2003). Even if Plaintiff's intentional infliction of emotional distress claim fell outside the MTCA's scope, the County would still be entitled to immunity as to that claim. *See Hollins*, 145 F. Supp. 2d at 757. As to Byrd, if the intentional infliction of emotional distress claim fell outside the MTCA, the Court's prior finding that the claim is barred by the one-year statute of limitations set forth in Mississippi Code section 15-1-35 would apply with equal force to foreclose the claim against Byrd. *See* Mem. Op. and Order 29-30 [156].

Because Plaintiff did not file suit until June 24, 2013, his intentional infliction of emotional distress claim is precluded by the MTCA's one-year statute of limitations.

Based on the foregoing, Plaintiff's state law claims for false arrest, false imprisonment, abuse of process, and intentional infliction of emotional distress against both the County and Byrd are subject to dismissal. Plaintiff's claim for malicious prosecution against the County will also be dismissed based on the County's immunity. Byrd did not seek dismissal of Plaintiff's claim for malicious prosecution under state law, and thus that claim remains pending as to Byrd, as well as Plaintiff's claims under § 1983 for false arrest, false imprisonment, and Plaintiff's request for punitive damages to the extent that request relates to claims outside the scope of the MTCA.

### III. CONCLUSION

For the foregoing reasons, Jackson County and Byrd's Motions to Dismiss Certain Claims [176] [179] should be granted.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that the Motion to Dismiss Certain Claims [176] filed by Defendant Jackson County, Mississippi, is **GRANTED**. Plaintiff James Hagan's claims against Jackson County, Mississippi, for (1) violation of Plaintiff's rights secured by the First, Fifth, and Ninth Amendments to the United States Constitution, (2) false arrest, false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotional distress, all under state law, (3) malicious prosecution and abuse of process asserted under § 1983, (4) § 1983 liability based on a theory of respondeat superior, and (5)

punitive damages are **DISMISSED**. Plaintiff's claims against Jackson County under 42 U.S.C. § 1983 predicated on "customs, policies[,] and practices[,]" allegedly established by Defendant Mike Byrd remain pending.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that the Motion to Dismiss Certain Claims [179] filed by Defendant Mike Byrd is **GRANTED**. Plaintiff James Hagan's claims against Mike Byrd for (1) violation of Plaintiff's rights secured by the First, Fifth, and Ninth Amendments to the United States Constitution, (2) false arrest, false imprisonment, abuse of process, and intentional infliction of emotional distress, all under state law, (3) malicious prosecution and abuse of process asserted under § 1983, and (4) punitive damages to the extent Byrd was acting within the course and scope of his employment under the MTCA, are **DISMISSED**. Plaintiff's individual capacity § 1983 claims for false arrest and false imprisonment, state law claim for malicious prosecution, and request for punitive damages based on these claims against Mike Byrd will remain pending.

**SO ORDERED AND ADJUDGED**, this the 25th day of September, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE