IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES HAGAN**                                                                     **PLAINTIFF**

**v.**                                                              **CIVIL NO. 1:13CV268-HSO-RHW**

**JACKSON COUNTY, MISSISSIPPI, ET AL.**                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT HOPE THORNTON'S MOTION TO STRIKE AND EXCLUDE DESIGNATION, OPINION, AND REPORT OF WILLIAM T. GAUT, PH.D. [232], AND GRANTING DEFENDANT JACKSON COUNTY, MISSISSIPPI'S MOTION TO EXCLUDE THE EXPERT TESTIMONY, OPINIONS, AND REPORT OF WILLIAM T. GAUT, PH.D. [239]**

BEFORE THE COURT are Defendant Hope Thornton's[1] Motion to Strike and Exclude Designation, Opinion, and Report of William T. Gaut, Ph.D. [232], and Defendant Jackson County, Mississippi's Motion to Exclude the Expert Testimony, Opinions, and Report of William T. Gaut, Ph.D. [239]. These Motions are fully briefed. Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that both Motions should be granted. William T. Gaut will be prohibited from offering expert testimony at trial.

I. BACKGROUND[2]

On November 29, 2011, Defendant Hope Thornton ("Thornton"), a detective

---

[1] The Motion was originally filed by Individual Defendants Hope Thornton, Linda Jones, Eddie Clark, and Chad Heck. The claims against Linda Jones, Eddie Clark, and Chad Heck have been dismissed as explained later in this Opinion and Order.

[2] For a more detailed discussion of the factual and procedural background of this case, see the Court's September 30, 2014, Memorandum Opinion and Order [156] addressing the Motion for Summary Judgment Based on Qualified Immunity filed by Defendants Hope Thornton, Linda Jones, Eddie Clark, and Chad Heck.

with the Jackson County Sheriff's Office ("JCSO") arrested Plaintiff James Hagan ("Plaintiff") on a charge of embezzlement of a laptop computer issued to Plaintiff by the City of Ocean Springs.  Arrest Warrants [180-19] at 2.  Plaintiff had previously reported the laptop as missing, however the laptop was recovered from Plaintiff's possession on November 29, 2011, by former Defendants Eddie Clark and Chad Heck.  Dep. of Chad Heck ("Heck Dep.") 8:17-9:24 [170-18].

Thornton had been directed by JCSO Captain Mick Sears ("Sears") to arrest Plaintiff on the charge of embezzling the laptop. Thornton Dep. 83:14-84:16 [170-15]. Although Thornton was aware Plaintiff had reported the laptop missing, Thornton did not posses any other information about the laptop or the crime allegedly committed, *id*. at 85:17-23, 88:16-89:6, nor did she know whether or to what extent the City of Ocean Springs had given Plaintiff the right to possess the laptop, *id*. at 87:10-23.  A grand jury returned a "no true bill" on the embezzlement charge against Plaintiff on or around October 31, 2012.  Jackson County Grand Jury No Bill List [180-23].

On December 6, 2011, Plaintiff was arrested for possession of child pornography based on a warrant obtained by Thornton. Arrest Warrant [170-13]. Thornton based the arrest on her scan of the laptop computer obtained from Plaintiff's possession by Eddie Clark and Chad Heck, which was also the subject of the previous embezzlement charge. Investigator's Report 4 [180-2].  The scan revealed one image which Thornton believed constituted child pornography. Thornton Dep. 114:19-115:6 [170-15].  On August 21, 2012, a grand jury indicted

Plaintiff on the child pornography charge, but the Jackson County District Attorney subsequently requested that the charge be dismissed. Nolle Prosequi Order [139-40]. Plaintiff has asserted that all of the foregoing actions were taken against him at the direction of former JCSO Sheriff Mike Byrd. Compl. [1] at 6-22.

On June 24, 2013, Plaintiff filed his Complaint [1] in this case naming as Defendants Jackson County, Mississippi ("Jackson County"); Mike Byrd ("Byrd"), Thornton, Linda Jones ("Jones"), Eddie Clark ("Clark"), and Chad Heck ("Heck"), individually and in their official capacities; Travelers Casualty & Surety Company of America ("Travelers"); and John or Jane Does 1 -10. The Complaint raised claims pursuant to 42 U.S.C. §§ 1983 and 1985, that Defendants violated Plaintiff's right to be free from false arrest as provided by the Fourth and Fourteenth Amendments, his right to be free from unreasonable searches and seizures under the Fourth Amendment, and his right not to be deprived of liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments. Compl. [1].

The Complaint also appeared to advance claims under both federal and state law for malicious prosecution, intentional infliction of emotional distress, abuse of process, civil conspiracy, and "neglect." *Id.* at 24-28, 31-32. Plaintiff further alleged pursuant to § 1983 a general "[v]iolation of [c]ivil [r]ights" and a violation of his First, Fourth, Fifth, and Fourteenth Amendment rights. *Id.* at 28-31. As against Defendant Jackson County, Plaintiff raised a claim under the Mississippi Tort Claims Act, Mississippi Code Ann. §§ 11-46-1 to -23 ("MTCA"), and a claim based upon respondeat superior liability. *Id.* at 32-34.

3

During the pendency of this case, the parties have filed numerous motions and the Court has resolved a number of those motions in its prior Orders. On September 5, 2013, the Court entered an Order [25] denying without prejudice Defendant Travelers' Motion to Dismiss [3] and granting as unopposed Travelers' alternative request for relief and stayed the case as to Travelers only. On February 10, 2014, the Court entered an Order [84] granting the Motion to Dismiss [22] Plaintiff's § 1983 official capacity claims against Byrd, Thornton, Jones, Clark, and Heck, finding that the official capacity claims against these individuals were redundant based upon Plaintiff's claim against Jackson County.

On September 30, 2014, the Court determined that Defendants Thornton, Jones, Clark, and Heck were entitled to qualified immunity on Plaintiff's individual capacity claims against them under federal law, and that, with the exception of Plaintiff's claim for malicious prosecution under state law, these named Defendants were entitled to summary judgment on each of Plaintiff's state law claims against them. Mem. Op. and Order [156].

On September 25, 2015, the Court entered a Memorandum Opinion and Order [244] dismissing Plaintiff's state law malicious prosecution claims against Defendants Jones, Clark, and Heck, and dismissed them as Defendants. Mem. Op. and Order [244] at 15-16. The Court also dismissed Plaintiff's state law malicious prosecution claims against Thornton to the extent they were predicated on the child molestation and child pornography charges lodged against Plaintiff. The Court held that Plaintiff's state law malicious prosecution claim against Thornton as it

4

pertained to Thornton's having instituted criminal proceedings against Plaintiff for embezzlement would proceed to trial. Mem. Op. and Order [244] at 15-16.

Also on September 25, 2015, the Court entered a Memorandum Opinion and Order [245] dismissing Plaintiff's claims against Jackson County, Mississippi, except for his claims against Jackson County asserted under 42 U.S.C. § 1983 predicated on "customs, policies[,] and practices[,]" allegedly established by Defendant Sheriff Byrd. Mem. Op. and Order [245] at 16-17. The Court also concluded in that Order that Plaintiff's individual capacity § 1983 claims for false arrest and false imprisonment, state law claims for malicious prosecution, and request for punitive damages against Byrd would remain pending, and that all other claims against Byrd were dismissed. Mem. Op. and Order [245] at 17.

Based upon the Court's prior Orders, the following claims remain pending: (1) Plaintiff's state law malicious prosecution claim against Thornton based upon Thornton's having instituted criminal proceedings for embezzlement against Plaintiff, Mem. Op. and Order [244] at 15-16; (2) Plaintiff's claim against Jackson County asserted under 42 U.S.C. § 1983 based upon "customs, policies[,] and practices[,]" allegedly established by former Sheriff Byrd, Mem. Op. and Order [245] at 16-17; and (3) Plaintiff's claims against former Sheriff Byrd in his individual capacity pursuant to § 1983 for false arrest and false imprisonment, and malicious prosecution and punitive damages under state law, Mem. Op. and Order [245] at 17.

The Court also recognizes that the Complaint asserted a claim against former

Sheriff Byrd in his individual and official capacities for failure to "adequately and properly supervise and train the deputies and other employees" of the JCSO. Compl. [1] at 28, ¶ 113.  This claim has not been addressed by any prior Order of the Court and thus the claim of failure to train pursuant to § 1983 also remains pending against Jackson County, since the official capacity claim against Byrd is in reality one against Jackson County.

On February 17, 2015, Plaintiff designated William T. Gaut, Ph.D., as an expert "in the field of police practices and procedures and the application of same to facts of the instant case." Pl. Designation of Expert Witnesses [250-6] at 1.  The Designation stated that Gaut's opinions are those set out in his July 28, 2014, Report [250-2] previously produced to Defendants.  *Id*.  Gaut's Curriculum Vitae reflects that he holds a Doctor of Philosophy in Criminal Justice.  Gaut C. V. [250-3] at 3.

The Court has analyzed Defendants Thornton and Jackson County's  Motions to Strike and Exclude William T. Gaut, Ph.D. [232] [239] in light of the claims which remain viable in this case, and in light of the Court's simultaneous resolution of other pending dispositive motions filed by Defendants.

## II.   DISCUSSION

### A.   Legal Standard

"Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court . . . ." Fed. R. Evid. 104(a).  "Before certifying an expert

and admitting his testimony, a district court must ensure that the requirements of Federal Rule of Evidence 702 have been met." *Roman v. Western Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012) (citations omitted). "The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the Rule 702 test." *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002) (citing *Bourjaily v. United States*, 483 U.S. 171, 173 (1987)). Rule 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Court functions as a gatekeeper to ensure that an expert is properly qualified and that his testimony is both reliable and relevant. *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) (relying on *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)); *see United States v. McMillan*, 600 F.3d 434, 456 (5th Cir. 2010); *see also Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (citation omitted). Expert testimony is relevant when it relates to any issue in the case. *Daubert*, 509 U.S. at 591. Reliability is determined by assessing "whether the reasoning or methodology underlying the

testimony is scientifically valid." *Id.* at 592-93.

"[T]he proponent of expert testimony . . . has the burden of showing that the testimony is reliable[] . . . and must establish the admissibility requirements by a preponderance of the evidence . . . ." *Previto v. Ryobi N. Am., Inc.*, 766 F. Supp. 2d 759, 765 (S.D. Miss. 2010) (citations and internal marks omitted). An expert opinion is deemed reliable if it is based upon sufficient facts and data, and it is the product of reliable principles and methods. Fed. R. Evid. 702 (b) and (c). Otherwise, it constitutes "'unsupported speculation or subjective belief.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Daubert*, 509 U.S. at 590). "The court should 'make certain that an expert, whether basing testimony upon professional studies or personal experiences, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 194 (5th Cir. 2006) (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)).

*Daubert* "provides an illustrative list of factors that may aid a court in evaluating reliability." *Mathis*, 302 F.3d at 460. These factors include:

> (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or method has been generally accepted in the scientific community.

*Kumho*, 526 U.S. at 149-50 (citing *Daubert*, 509 U.S. at 592-94). "These factors are not mandatory or exclusive; the district court must decide whether the factors

discussed in *Daubert* are appropriate, use them as a starting point, and then ascertain if other factors should be considered." *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007). "But the existence of sufficient facts and a reliable methodology is in all instances mandatory." *Id.* "[W]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Previto*, 766 F. Supp. 2d at 771 (quoting *Hathaway*, 507 F.3d at 318 (internal marks omitted)).

B.  Analysis

Assuming that Gaut possesses the qualifications to render an expert opinion in this case, the Court has carefully reviewed Gaut's Report to ascertain whether his proffered opinions could be helpful to a jury or otherwise relevant in support of Plaintiff's sole remaining claim in this case, a state law claim against Defendants Thornton and Byrd in their individual capacities for malicious prosecution related to the criminal charge of embezzlement.[3]

In his Report dated July 28, 2014, Gaut states that to a reasonable degree of professional certainty, his opinions are:

---

[3] The Court, simultaneously with the filing of this Memorandum Opinion and Order, is entering Memorandum Opinions and Orders granting Defendant Jackson County, Mississippi's Motion [235] for Summary Judgment, and granting in part and denying in part Mike Byrd's Motion for Summary Judgment [237]. These Orders grant dismissal of all remaining § 1983 claims and all but one state law claim against Byrd. Plaintiff's state law claim against Byrd for malicious prosecution and punitive damages arising out of the embezzlement charge will proceed to trial. All remaining claims against Jackson County are being dismissed. The Court considers the relevance of Gaut's opinions in light of these Orders as well.

    1.       Jackson County Sheriff Mike Byrd, along with Jackson County Sheriff's supervisors and deputies, under color of law, subjected James Hagan to an objectively unreasonable search and seizure.

    2.       Jackson County Sheriff Mike Byrd, along with Jackson County Sheriff's supervisors and deputies, under color of law, subjected James Hagan to an objectively unreasonable arrest.

    3.       Jackson County Sheriff Mike Byrd, along with Jackson County Sheriff's supervisors and deputies, under color of law, subjected James Hagan to an objectively unreasonable and malicious prosecution.

    4.       Jackson County, Mississippi, through the Jackson County Sheriff's Department, failed to properly train and supervise Jackson County Sheriff's Department supervisors and deputies.

Gaut Report [250-2] at 12-13.

The Court remains at all times cognizant of Rule 702's requirement that expert evidence or testimony must assist the trier of fact to understand the evidence or determine a fact in issue; expert testimony that does not relate to any issue in the case is not relevant. *See Daubert*, 509 U.S. at 591 (internal citations and quotations omitted).

As to Gaut's first opinion concerning Plaintiff's claims of "unreasonable search and seizure," this Court has previously granted summary judgment in favor of all Defendants on such claims. Mem. Op. and Order [156]. Therefore, this opinion is not relevant to the remaining claim that the jury must decide.

Gaut's second opinion, that Plaintiff was subjected to "an objectively unreasonable arrest," is also not relevant. In its September 30, 2014, Memorandum Opinion and Order [156], the Court found that "based upon the totality of the

circumstances, the Court cannot conclude that no reasonable officer could have believed that there was probable cause to arrest Plaintiff on the molestation charge," and, based upon its conclusion that probable cause existed to arrest Plaintiff on the molestation charge, the issue of whether probable cause existed to simultaneously arrest Plaintiff on the embezzlement charge was foreclosed. Mem. Op. and Order [156] at 17. "If there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails." *Deville v. Marcantel,* 567 F.3d 156, 164 (5th Cir. 2009) (per curiam) (quoting *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)); Mem. Op. and Order [156] at 17.[4]

Of the four proffered opinions, the two opinions that could arguably relate to the remaining claim in this action are Gaut's third opinion concerning Plaintiff's state law claim for malicious prosecution against Thornton and Byrd, and Gaut's fourth opinion as to whether Jackson County provided adequate training.

The Court's September 25, 2015, Memorandum Opinion and Order [244] conducted an extensive analysis of Plaintiff's malicious prosecution claims. In granting summary judgment to Defendants, the Court held that Plaintiff had not carried his summary judgment burden with respect to his malicious prosecution claim to the extent the claim was predicated on the institution of the criminal proceedings against Plaintiff on the molestation or child pornography charges.

---

[4] Although the Court's Opinion did not specifically address the claims against Byrd, the Court reached its Opinion after a thorough analysis of all the facts and relevant law, and the Court is simultaneously dismissing the § 1983 claims against Byrd.

11

Mem. Op. and Order [244] at 6-8, 11-12.  The Court further concluded that Plaintiff's state law claim for malicious prosecution based upon the criminal charge of embezzlement would proceed against Thornton because there "is sufficient evidence to create a jury question on whether Thornton acted with malice in instituting proceedings against Plaintiff as to the crime of embezzlement." *Id.* at 9.

Gaut's Report expresses the opinion that Plaintiff was subjected to an "objectively unreasonable and malicious prosecution." Gaut Report [252-2] at 13. This conclusory opinion is of the type that is not permitted by Rule 704 because it is for the jury to judge the credibility of a witness and render a fact determination on malice or intent, based upon proper instruction on the law from the Court.  Rule 704 does not permit a witness to tell a jury what result it should reach, nor is the Rule intended to allow an expert to invade the Court's province by giving an opinion on the legal conclusions to be drawn from the evidence.  Such testimony is "irrelevant."  *Owen v. Kerr-Magee Corp.*, 698 F.2d 236, 239-40 (5th Cir. 1983) (Rule 704 abolishes the per se rule against testimony regarding the ultimate issues of fact, however it does not open the door to all opinions).

It is the prerogative of the jury to weigh the credibility of the witnesses and render their verdict as to whether Thornton or Byrd acted with the requisite level of intent in pursuing the embezzlement charge against Plaintiff.  Thornton's intent must be decided independently of Byrd's intent by the jury based upon the evidence presented at trial, not a conclusory opinion offered by Gaut which essentially tells the jury what conclusion to reach.

Gaut's fourth opinion concerning Jackson County's alleged failure to properly train and supervise is not reliable and thus not relevant.  Gaut identifies materials that he examined in forming his opinions, including the opinion that JCSO failed to properly train and supervise its employees.  Gaut Report [250-2] at 5-10.  The materials Gaut reviewed do not include the JCSO training policy nor do they include any documentation of any employee's training or lack thereof.  Gaut's proffered opinion makes no real reference to JCSO's training policy, whether the policy was followed, how the policy was inadequate, or how the deficiency in the policy caused the harm alleged by Plaintiff.  *See Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (for liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective).

The Court concludes that Gaut's fourth opinion is not based upon sufficient facts or data as it relates to a failure to train or supervise claim, and is neither reliable nor relevant and would not be helpful to the jury.  This is particularly true since the Court is simultaneously dismissing Plaintiff's failure to train and supervise claims against all Defendants.[5]

For the foregoing reasons, Hope Thornton's Motion to Strike and Exclude Designation, Opinion, and Report of William T. Gaut, Ph.D. [232], and Defendant

---

[5] See the Court's Memorandum Opinion and Order granting Jackson County, Mississippi's Motion for Summary Judgment entered simultaneously with this Order.

Jackson County, Mississippi's Motion to Exclude the Expert Testimony, Opinions, and Report of William T. Gaut, Ph.D. [239] should be granted. William T. Gaut, Ph.D., will be precluded from testifying as an expert in this case.

### III.  CONCLUSION

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that Defendant Hope Thornton's Motion to Strike and Exclude Designation, Opinion, and Report of William T. Gaut, Ph.D. [232], is **GRANTED**.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Defendant Jackson County, Mississippi's Motion to Exclude the Expert Testimony, Opinions, and Report of William T. Gaut, Ph.D. [239] is **GRANTED**. William T. Gaut, Ph.D.'s Report is **STRICKEN** and he is **EXCLUDED** from offering expert testimony or opinion in this civil action.

**SO ORDERED AND ADJUDGED**, this the 21st day of March, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE