# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**JAMES HAGAN**                                          **PLAINTIFF**

**v.**                                          **CIVIL NO. 1:13CV268-HSO-RHW**

**JACKSON COUNTY, MISSISSIPPI, ET AL.**                 **DEFENDANTS**

## <u>MEMORANDUM OPINION AND ORDER GRANTING<br>DEFENDANT JACKSON COUNTY, MISSISSIPPI'S MOTION<br>FOR SUMMARY JUDGMENT [235]</u>

BEFORE THE COURT is Defendant Jackson County, Mississippi's Motion

for Summary Judgment [235]. This Motion is fully briefed. Having considered the

parties' submissions, the record, and all relevant legal authority, the Court is of the

opinion that the Motion should be granted, and Jackson County, Mississippi should

be dismissed from this civil action.

## I.   <u>BACKGROUND</u>[1]

On November 29, 2011, Detective Hope Thornton ("Thornton"), a detective

with the Jackson County Sheriff's Office ("JCSO") arrested Plaintiff James Hagan

("Plaintiff") on charges of molestation of his then-sixteen year-old stepdaughter and

embezzlement of a laptop computer issued to Plaintiff by the City of Ocean Springs.

Dep. of Hope Thornton ("Thornton Dep.") 72:7-15; 73:5-9 [170-15]; JCSO Custody

Form [139-18]; *see also* Aff. in State Cases [180-19]; Arrest Warrant [170-12] [170-

13]. On December 6, 2011, Thornton arrested Plaintiff on a charge of possession of

---

[1]   For a more detailed discussion of the factual and procedural background of this case, see the Court's September 30, 2014, Memorandum Opinion and Order [156] addressing the Motion for Summary Judgment Based on Qualified Immunity filed by Defendants Hope Thornton, Linda Jones, Eddie Clark, and Chad Heck.

child pornography after a scan of the laptop computer obtained from Plaintiff's possession yielded an illicit image. JCSO Custody Form [139-33]. The molestation charge was submitted to a grand jury which returned a "no true bill" on or around June 25, 2012. Jackson County Grand Jury No Bill List [180-22]. A grand jury returned a "no true bill" for the embezzlement charge on or around October 31, 2012. Jackson County Grand Jury No Bill List [180-23]. A grand jury indicted Plaintiff on August 21, 2012, on the charge of exploitation of a child based on the child pornography found on the laptop computer retrieved from Plaintiff's possession, but on November 30, 2012, the Jackson County District Attorney had the charge dismissed. *Nolle Prosequi* Order [139-40].

On June 24, 2013, Plaintiff initiated this litigation by filing the Complaint [1] naming as Defendants Jackson County, Mississippi ("Jackson County"); Mike Byrd ("Byrd"), Hope Thornton ("Thornton"), Linda Jones ("Jones"), Eddie Clark ("Clark"), and Chad Heck ("Heck"), individually and in their official capacities; Travelers Casualty & Surety Company of America ("Travelers"); and John or Jane Does 1 -10. Plaintiff's Complaint asserted claims for violations of his rights under both federal and state law, and that all of the actions taken against him by the employees of the JCSO occurred at the direction of former JCSO Sheriff Mike Byrd. Compl. [1] at 6-22.

During the pendency of this case, the parties have filed numerous motions and the Court has resolved a number of those motions in its prior Orders. Based upon the Court's prior Orders, the following claims remained pending: (1)

2

Plaintiff's state law malicious prosecution claim against Thornton based upon Thornton's having instituted criminal proceedings against Plaintiff for embezzlement, Mem. Op. and Order [244] at 15-16; (2) Plaintiff's claim against Jackson County pursuant to 42 U.S.C. § 1983 based upon "customs, policies[,] and practices[,]" allegedly established by former Sheriff Byrd, Mem. Op. and Order [245] at 16-17; and (3) Plaintiff's claims against former Sheriff Byrd in his individual capacity pursuant to § 1983 for false arrest and false imprisonment, and for malicious prosecution and punitive damages under state law, Mem. Op. and Order [245] at 17.

The Court recognizes that the Complaint also asserted a claim against former Sheriff Mike Byrd in his individual and official capacities for failure to "adequately and properly supervise and train the deputies and other employees" of the JCSO. Compl. [1] at 28, ¶ 113. This claim has not been addressed by any prior Order of the Court and thus the claim of failure to train pursuant to § 1983 technically remains pending against Jackson County, since the official capacity claims against Byrd are in reality claims against Jackson County.

Jackson County filed its Motion for Summary Judgment on September 15, 2015, seeking dismissal of Plaintiff's remaining claims against Jackson County under 42 U.S.C. § 1983 predicated on "customs, policies[,] and practices[,]" allegedly established by former Sheriff Byrd. Mem. Op. and Order [245] at 16-17.

In response to Jackson County's Motion, Plaintiff makes an assertion that the County waived its affirmative defenses because it failed to timely prosecute

them as required by Mississippi law.  Mem. in Opp'n [260] at 12-13.  Although substantive state law determines what constitutes an affirmative defense, "the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs."  *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007) (internal citations and quotations omitted); *see also Bryant v. Wyeth Inc.*, 816 F. Supp. 2d 329, 332-33 (S.D. Miss. 2011).  Under federal law, a defendant "does not waive an affirmative defense if it is raised at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond."  *Arismendez,* 493 F.3d at 610 (internal citations and quotations omitted). Based upon the record, the Court finds that Jackson County has timely prosecuted its affirmative defenses and Plaintiff has not been prejudiced in this regard.

## II.   DISCUSSION

### A.   Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law."  *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, a court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).  Before it can determine that there is no genuine issue for trial, a court must be satisfied that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986).  If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the nonmovant must set forth specific facts to contradict the specific facts set forth by the movant,  general averments are not sufficient).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted).  According to the United States Court of Appeals for the Fifth Circuit, the nonmoving party's burden

>  . . . is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, by "conclusory allegations," *Lujan*, 110 S. Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little*, 37 F.3d at 1075 (internal citations and quotations omitted).  If the evidence is merely colorable, or is not significantly probative, summary judgment is

appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671

F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

249 (1986)).

B.   Analysis

1.   Jackson County's Motion for Summary Judgment

The Complaint generally alleges that Jackson County is liable for violations

of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983 based upon its

policies, practices, or customs.  Specifically, Count VI asserts that Defendants

through their policies, practices, or customs, violated Plaintiff's rights pursuant to

"42 U.S.C. § 1983, 1985 and 1988 (Violation of Civil Rights)," in part, as follows:

> 112.   Prior to the events described herein, the Defendants
> developed and maintained policies, practices and/or customs exhibiting
> deliberate indifference to violations of the constitutional rights of citizens.
> 113.  Defendant, Sheriff Mike Byrd, in his official and individual
> capacities, failed to adequately and properly supervise and train the
> deputies and other employees of the Jackson County Sheriff's
> Department in various aspects of law enforcement procedure and
> substance, including, but not limited to the lawful exercise of police power
> in response to citizens petitions.

Compl. [1] at 28.

Jackson County's Motion for Summary Judgment [235] argues that Plaintiff

has failed "to establish a claim for the violation of any constitutional right" by the

County.  Mot. Summ. J. [235] at 5.  Although its Motion does not specifically refer to

Plaintiff's failure to train claim, Jackson County does assert that "Plaintiff has

failed to offer proof of any policy or custom in this case that would subject Jackson

County to liability." Mot. Summ. J. [235] at 3.

6

"To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  To this end, "[a] plaintiff must identify: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Id*. at 541-42 (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). These three elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To succeed on a failure to supervise or train claim, the Fifth Circuit has held as follows:

> In a § 1983 claim for failure to supervise or train, the plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998).  "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 912 (internal quotation omitted).  To establish deliberate indifference, "a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (internal quotation omitted).  Where a plaintiff fails to establish deliberate indifference, the court need not address the other two prongs of supervisor liability. *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 382 (5th Cir. 2005).  Furthermore, "for a supervisor

7

> to be liable for failure to train, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) (quotations and citation omitted). Moreover, "for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Id.*

*Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009).

The record reflects that this Court has previously dismissed all of Plaintiff's constitutional claims against all of the individual Defendants with the exception of former Sheriff Byrd. Mem. Op. and Order [156]. However, simultaneously with the entry of this Order, the Court is dismissing all federal claims against Byrd for the reasons contained in its Opinion [156] as to the other individual Defendants. Since Plaintiff cannot show the violation of a federal constitutional right, Jackson County cannot be liable for a policy, custom, or practice that led to a violation of Plaintiff's constitutional rights.

Further, Plaintiff has failed to point to competent summary judgment proof of any custom, policy, or practice which could have led to a violation of Plaintiff's constitutional rights within the meaning of §1983. As to Plaintiff's failure to train or supervise claim, Plaintiff has not argued or submitted competent summary judgment proof that any training policy was inadequate, that any such policy was not followed, that any of the individual employees of JCSO were not provided the training required by the policy, or that any additional specialized training was required. Plaintiff has not carried his summary judgment burden on this point, and the competent summary judgment evidence supports the conclusion that the failure

8

to train or supervise claim against Jackson County should be dismissed.

      2.    <u>Plaintiff's Sixth Amendment Due Process Claim and Equal Protection
Claim</u>

Plaintiff's Responsive Memorandum [260] also alleges that "Eddie Clark,
Chad Heck and Defendants Byrd and Thornton, violated his Sixth and Fourteenth
Amendment rights to due process by arresting him without a warrant or probable
cause to do so and searching his office without a search warrant." *Id.* at 13.
Plaintiff further asserts "Hope Thornton and Mike Byrd conspired to commit acts
that would eventually deprive James Hagan of his rights to equal protection under
the law." *Id.* at 33.

Jackson County submits in its Reply [263] that Plaintiff cannot raise new
claims in response to a motion for summary judgment, that Plaintiff appears to be
raising claims against Defendants other than Jackson County, and that Plaintiff
has failed to point to any legal authority indicating that "individuals in possession
of child pornography are a protected class for purposes of the equal protection
clause." Reply [263] at 3, 5.

Even if the Court were to construe these claims, which do not appear in the
Complaint, as an out-of-time motion to amend his pleadings, the Court finds that
the motion would not be well taken and would be denied. The record reflects that
the Case Management Order [158] was entered on November 6, 2014, setting the
deadline for amended pleadings for December 8, 2014, and assigning the case to the
April 2016 trial calendar. Since the deadline for amending pleadings has long

passed, the Court reviews Plaintiff's requested amendment pursuant to Federal

Rule of Civil Procedure 16, under the following standard:

> Under Federal Rule of Civil Procedure 16(b)(4), "[a] [scheduling order] may be modified only for good cause and with the judge's consent." To show good cause, the party seeking to modify the scheduling order has the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. US Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (internal quotation marks and citation omitted). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (internal quotation marks and citation omitted).
>
> Rule 16(b) also governs Squyres's motion for leave to amend. Although, Rule 15(a) of the Federal Rules of Civil Procedure ordinarily governs the amendment of pleadings, "Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Filgueira*, 734 F.3d at 422 (internal quotation marks and citation omitted). "If a party shows good cause for missing the deadline, then the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." *Id*. (internal quotation marks and citation omitted).

*Squyres v. Helico Cos. LLC*, 782 F.3d 224, 237 (5th Cir. 2015).

The deadline for amending pleadings passed over a year ago, and trial in this

case is less than a month away.  The Court finds that Plaintiff has not filed a formal

motion for leave to amend and that even if he did, he could not satisfy the relevant

factors required to be granted leave to amend.  The Court can discern no good

reason, and none has been offered, why Plaintiff could not have asserted any Sixth

Amendment due process claim or Fourteenth Amendment equal protection claim

prior to the deadline for amended pleadings.  The Court finds that, to the extent

Plaintiff's Response seeks to amend his Complaint to advance theories of liability not contained in the Complaint, such request is not well taken, and should be denied.[2]

## III.   CONCLUSION

Having thoroughly considered Jackson County's Motion [235], Plaintiff's Response [259], Jackson County's Reply [263], the record, and relevant legal authority, the Court is of the opinion that Jackson County, Mississippi's Motion for Summary Judgment [235] is well taken and should be granted, and that Plaintiff's remaining claims against Jackson County, Mississippi, should be dismissed with prejudice.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that Defendant Jackson County, Mississippi's Motion for Summary Judgment is **GRANTED** and Plaintiff's remaining claims against Jackson County, Mississippi, are **DISMISSED WITH PREJUDICE**.

---

[2]   The Court notes that Plaintiff did file a timely Motion to Amend Complaint [161] on December 8, 2014; however, the proposed amendment did not include a claim for violation of Plaintiff's Sixth Amendment due process rights or Fourteenth Amendment equal protection rights as to the conspiracy claim. *See* Mot. [161].  On December 19, 2014, Defendants Thornton, Jones, Clark, and Heck filed their Response in Opposition [163], joined by Defendants Jackson County and Byrd [165] [166].  On January 15, 2015, the Magistrate Judge denied [167] Plaintiff's Motion to Amend "[i]n light of the Court's September 30, 2014, [O]rder, and Plaintiff's failure to file any memorandum to rebut the Defendants' responses." Order [167] at 2.  Plaintiff did not appeal the Magistrate's ruling to the undersigned.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Jackson County, Mississippi, is **DISMISSED WITH PREJUDICE** as a party from this case.

**SO ORDERED AND ADJUDGED**, this the 21st day of March, 2016.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

12