IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES HAGAN**                                                                                   **PLAINTIFF**

v.                                                              CIVIL NO. 1:13CV268-HSO-RHW

**JACKSON COUNTY, MISSISSIPPI, ET AL.**                              **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT MIKE BYRD'S
MOTION FOR SUMMARY JUDGMENT [237]**</u>

BEFORE THE COURT is Defendant Mike Byrd's Motion for Summary Judgment [237]. This Motion is fully briefed. Having considered the parties' submissions, the record, and all relevant legal authority, the Court is of the opinion that the Motion should be granted in part and denied in part.

I.    <u>BACKGROUND</u>[1]

On November 29, 2011, Detective Hope Thornton ("Thornton"), a detective with the Jackson County Sheriff's Office ("JCSO") arrested Plaintiff James Hagan ("Plaintiff") on charges of molestation of his then-sixteen year-old stepdaughter and embezzlement of a laptop computer issued to Plaintiff by the City of Ocean Springs. Dep. of Hope Thornton ("Thornton Dep.") 72:7-15; 73:5-9 [170-15]; JCSO Custody Form [139-18]; *see also* Aff. in State Cases [180-19]; Arrest Warrant [170-12] [170-13]. On December 6, 2011, Thornton arrested Plaintiff on a charge of possession of child pornography after a scan of the laptop computer obtained from Plaintiff's

---

[1] For a more detailed discussion of the factual and procedural background of this case, see the Court's September 30, 2014, Memorandum Opinion and Order [156] addressing the Motion for Summary Judgment Based on Qualified Immunity filed by Defendants Hope Thornton, Linda Jones, Eddie Clark, and Chad Heck.

possession yielded an illicit image. JCSO Custody Form [139-33]. The molestation charge was submitted to a grand jury which returned a "no true bill" on or around June 25, 2012. Jackson County Grand Jury No Bill List [180-22]. A grand jury returned a "no true bill" for the embezzlement charge on or around October 31, 2012. Jackson County Grand Jury No Bill List [180-23]. A grand jury indicted Plaintiff on August 21, 2012, on the charge of exploitation of a child based on the child pornography found on the laptop computer retrieved from Plaintiff's possession, but on November 30, 2012, the Jackson County District Attorney had the charge dismissed. *Nolle Prosequi* Order [139-40].

On June 24, 2013, Plaintiff initiated this litigation by filing the Complaint [1] naming as Defendants Jackson County, Mississippi ("Jackson County"); Mike Byrd ("Byrd"), Hope Thornton ("Thornton"), Linda Jones ("Jones"), Eddie Clark ("Clark"), and Chad Heck ("Heck"), individually and in their official capacities; Travelers Casualty & Surety Company of America ("Travelers"); and John or Jane Does 1-10. Plaintiff's Complaint asserted claims for violations of his rights under both federal and state law, and that all of the actions taken against him by the employees of the JCSO occurred at the direction of former JCSO Sheriff Mike Byrd. Compl. [1] at 6-22.

During the pendency of this case, the parties have filed numerous motions

and the Court has resolved a number of those motions in prior Orders.[2]  Based upon the Court's prior Orders, the sole remaining claim, other than those against Byrd, is Plaintiff's state law malicious prosecution claim against Thornton based upon Thornton's having instituted criminal proceedings against Plaintiff for embezzlement of the laptop computer.  Mem. Op. and Order [244] at 15-16.

On September 15, 2015, Byrd filed his Motion for Summary Judgment [237] asking the Court to dismiss the claims that remain against him in his individual capacity.  Based upon the Court's September 25, 2015, Memorandum Opinion and Order [245], the only claims that are still viable against Byrd are Plaintiff's 42 U.S.C. § 1983 claims for false arrest and false imprisonment, and state law claims for malicious prosecution and punitive damages.[3]  Mem. Op. and Order [245] at 17.

## II.  DISCUSSION

A.  Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P.

---

[2]  See the Court's Memorandum Opinion and Order striking the opinion testimony of William T. Gaut, filed simultaneously with this Opinion, for a summary of the Court's prior rulings, and see also the Court's Memorandum Opinion and Order dismissing all claims against Jackson County, Mississippi, filed simultaneously with this Order.

[3]  Plaintiff acknowledges in his Responsive Memorandum [258] that pursuant to the Court's Order [245] the claims remaining against Byrd, in his individual capacity, are false arrest and false imprisonment, and state law claims for malicious prosecution and punitive damages.  Mem. in Opp'n [258] at 2.

3

56(a).  In deciding a motion for summary judgment, a court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).  Before it can determine that there is no genuine issue for trial, a court must be satisfied that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the nonmovant must set forth specific facts to contradict the specific facts set forth by the movant, general averments are not sufficient).

    To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted).  According to the United States Court of Appeals for the Fifth Circuit, the nonmoving party's burden

> . . . is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, by "conclusory allegations," *Lujan*, 110 S. Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank*, 16

> F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little*, 37 F.3d at 1075 (internal citations and quotations omitted).  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.  *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

B.  Analysis

Byrd's present Motion [237] asks the Court to dismiss the claims that remain against him in his individual capacity.  Plaintiff's Responsive Memorandum acknowledges that the only claims that remain viable against Byrd are the § 1983 claims for false arrest and false imprisonment, and Plaintiff's state law claims for malicious prosecution and punitive damages.  Mem. in Opp'n [258] at 2.

1.  Plaintiff's § 1983 Claim for False Arrest and False Imprisonment

This is not the Court's first review of the record and relevant law as to Plaintiff's § 1983 claims for false arrest and false imprisonment.  The Court's September 30, 2014, Memorandum Opinion and Order [156] granted dismissal of these federal claims against Thornton, Jones, Clark, and Heck.  Although the Court's Opinion did not specifically address these claims as they pertained to Byrd, the Court reached its conclusions in its earlier Opinion [156] after conducting a

5

thorough analysis of all facts and relevant law, which included the facts alleged against Byrd.

Byrd has presented sufficient competent summary judgment proof to establish that he is entitled to dismissal of these federal claims for the same reasons set forth in the Court's September 30, 2014, Memorandum Opinion and Order [156] dismissing the claims as to Thornton, Jones, Clark, and Heck. Mem. Op. and Order [156] at 14-26. In its Order [156], the Court found that "based upon the totality of the circumstances, the Court cannot conclude that no reasonable officer could have believed that there was probable cause to arrest Plaintiff on the molestation charge," and, based upon its conclusion that probable cause existed to arrest Plaintiff on the molestation charge, the issue of whether probable cause existed to simultaneously arrest Plaintiff on the embezzlement charge was foreclosed. Mem. Op. and Order [156] at 17. "If there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails." *Deville v. Marcantel,* 567 F.3d 156, 164 (5th Cir. 2009) (per curiam) (quoting *Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir. 1995)); Mem. Op. and Order [156] at 17.

In response, Plaintiff has not carried his burden to come forward with competent summary judgment evidence to rebut Byrd's Motion or to persuade the Court that its prior determination that Plaintiff's federal claims should be dismissed as to the other individual Defendants should not also apply to Byrd.

In his Responsive Memorandum [258], Plaintiff posits that Thornton charged

Plaintiff with molestation because during an exchange on the morning of November 29, 2011, Byrd told Thornton that he wanted Plaintiff in jail that day, that he did not care what she had to do, and that she just needed to "find something." Mem. in Opp'n [258] at 3. To support this theory, Plaintiff asserts that Thornton admitted in her grand jury testimony, given a year and a half later on June 26, 2013, that if she had known all the facts as alleged by Plaintiff, she would not have signed affidavits on the molestation charge because she "wouldn't have had enough to do a molestation charge." Mem. in Opp'n [258] at 23.

However, in the referenced grand jury testimony, Thornton's actual statement is that:

> If Linda Jones wouldn't have called me - if she woulda said the child did not disclose, or she did disclose, but it happened in Michigan, there wouldn't have been a molestation charge. I wouldn't have had enough to do a molestation charge.

Transcript Thornton Grand Jury Testimony [144-1] at 59, taken on June 26, 2013.

It is undisputed that Jones attended the forensic interview of the minor child on the afternoon of November 29, 2011, but that Thornton did not. Thornton's uncontradicted testimony is that she spoke by telephone with Jones following the forensic interview of the minor child on November 29, 2011. Jones related to Thornton what the minor child had disclosed regarding Plaintiff's conduct, and that the allegations of molestation were substantiated. Thornton Dep. [139-46] at 34-35. This was confirmed by Jones who stated at her deposition that she had spoken with Thornton that day and "confirmed that the licensed forensic interviewer

substantiated the allegations." Jones Dep. [170-16] at 25. Following the forensic interview, the forensic interviewer, Kristian Clark, concluded that the minor child had corroborated the suspicion of sexual abuse because she stated that her stepfather (Plaintiff) had on many occasions used his hand for a "tittie twister," grabbing and squeezing the minor's breasts. South Mississippi Child Advocacy Center Interview Synopsis [57-5] at 1-3.

In addition, the minor related an incident that had occurred in Michigan in which the Plaintiff had allegedly gotten into bed with her, laid down beside her, placed his hand under her shirt, and patted her stomach so that he could see her breasts "jiggle."[4] Forensic Interview Transcript [57-7] at 3-4. While Jones informed Thornton on November 29, 2011, that the minor had confirmed the claims of sexual abuse, it is undisputed that Jones did not mention to Thornton that any of the acts had occurred in Michigan, and Thornton did not become aware of this until she appeared before the grand jury on June 26, 2013.

Based on the foregoing and based upon the Court's prior rulings, Plaintiff has not adduced sufficient competent summary judgment evidence to show that Byrd's alleged comment to Thornton earlier in the day to "find something" is sufficient to negate the facts that developed during the course of Thornton's investigation and

---

[4] The minor stated that this act occurred in Michigan the preceding week, however she also stated that "he always does this." Forensic Interview Transcript [57-7] at 3-4. The Interview Synopsis [57-5] did not mention the acts that allegedly occurred in Michigan, but the conclusion was nevertheless reached that sexual abuse may have occurred based upon the acts alleged to have occurred in Mississippi.

upon which Thornton ultimately relied in making the determination that there was probable cause to arrest Plaintiff on the molestation charge. Nor has Plaintiff supplied any evidence that, at the time Plaintiff was arrested, Byrd knew of the results of Thornton's investigation on the molestation charge or was ever made aware that the minor child indicated that some of Plaintiff's alleged molestation occurred in Michigan.[5]

In sum, the competent summary judgment evidence supports the conclusion that Plaintiff's § 1983 claim against Byrd for false arrest and false imprisonment for the arrest on November 29, 2011, and the arrest on December 6, 2011, should be dismissed for essentially the same reasons stated in the Court's prior Orders, as well as for the additional reasons stated herein.

    2.    <u>Plaintiff's State Law Claims for Malicious Prosecution and Punitive Damages</u>

Nor is this the Court's first review of the record and relevant law with respect to Plaintiff's state law claims for malicious prosecution and punitive damages. The Court's September 25, 2015, Memorandum Opinion and Order [244] granted dismissal of Plaintiff's malicious prosecution claims against Jones, Clark, and Heck. Mem. Op. and Order [244] at 6-8. As to Thornton, the Court determined that "Thornton is entitled to judgment as a matter of law as to Plaintiff's claim for malicious prosecution insofar as the claim is based on Thornton's decision to charge

---

[5] As discussed in the Court's previous Order [156], evidence developed by Thornton also established probable cause that Plaintiff had committed the crime of voyeurism under Miss. Code Ann. § 97-29-61.

Plaintiff with molestation and child pornography." Mem. Op. and Order [244] at 14. The Court then held that Plaintiff's state law claim against Thornton for malicious prosecution predicated upon the embezzlement charge would not be dismissed but would proceed to trial.  Mem. Op. and Order [244] at 15.

Byrd's Motion [237] asserts that he is entitled to dismissal of Plaintiff's malicious prosecution claim because Plaintiff cannot show that Byrd acted with malice in conducting the investigation of Plaintiff, only that Plaintiff believes that Byrd did not like him because he supported a "separate candidate for an upcoming sheriff's election."  Byrd's Mem. [238] at 13.

Plaintiff's Responsive Memorandum counters with factual allegations with reference to record evidence that

> Sheriff Mike Byrd went to the office of Hope Thornton and Linda Jones to inquire about the Hagan investigation.  After Thornton and Jones explained there was not enough evidence to issue search warrants, Byrd yelled, "I want the m***r f***r locked up by 5, I'm tired of the bulls**t." Exhibit "3," 6/26/2013 Hope Thornton's Grand Jury Testimony (Redacted Excerpt), 9-10); Exhibit "4," 2/4/2014 Affidavit of Vicki Spears. Byrd told Thornton and Jones, "I want his ass in jail today.  I don't care what you have to do.  Find something." Exhibit "5," 7/24/2013 Confidential Informant # 1 Grand Jury Testimony, pp. 1:13-36; 2:61-89; and 3:91-126.

Mem. in Opp'n [258] at 3.  In addition to this, Plaintiff has submitted evidence indicating that the City of Ocean Springs informed Byrd relatively early in the investigation that it did not consider the City's laptop computer as being misappropriated by Plaintiff.  Mem. in Opp'n [258] at 15-16.  Taken together along with the other record evidence, this raises a material fact question on Plaintiff's

10

claim of malicious prosecution against Byrd on the embezzlement charge.

The Mississippi Supreme Court has stated that the elements of a claim for malicious prosecution include:

> (1) [t]he institution of a criminal proceeding; (2) by, or at the insistence of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the institution of the proceedings; [and] (6) the suffering of injury or damage as a result of the prosecution.

*Parker v. Mississippi Game & Fish Comm'n*, 555 So. 2d 725, 728 (Miss. 1989) (citations omitted). Plaintiff has the burden of proving each element by a preponderance of the evidence. *Rollins v. Hattiesburg Police Dep't*, No. 2:14-cv-61-KS-MTP, 2015 WL 4276386, at *10 (S.D. Miss. July 14, 2015) (citing *Rainer v. Wal-Mart Assocs., Inc.*, 119 So. 3d 398, 403 (Miss. Ct. App. 2013)).

Byrd's Reply [265], addressing the embezzlement issue, maintains that Byrd had an honest belief Hagan embezzled the computer.

> It is clear from the facts surrounding the events that are the subject of this litigation that Mike Byrd had an honest belief Hagan embezzled the computer in question. Hagan was an elected alderman in Ocean Springs who claimed he "lost" his computer that was assigned to him for official business when city issued computers were recalled to scan for pornography that may have been downloaded and for the installation of anti-pornography software. [257-17]. Mr. Hagan failed to notify the city that he actually had the computer and utilized it up until the time it was obtained from his work place in Moss Point by deputies Heck and Clark on November 29, 2011. This personal use was concealed from the City of Ocean Springs despite the fact that Hagan received a replacement computer for use at Board meetings. *Id*.

Reply [265] at 4. Byrd relies upon the Court's Order [244] dismissing the malicious prosecution claim as to the molestation and child pornography charges against the

11

other individual Defendants, to support his position that these claims should also be dismissed as to him. Reply [265] at 9-10.

The record is clear that Byrd did not institute the overall criminal investigation of Plaintiff; the investigation began in response to a complaint received from Rebie Walley on November 28, 2011. Plaintiff asserts that Byrd's alleged directive to Thornton on the morning of November 29, 2011, to find something on Plaintiff and put him in jail is evidence of malice. However, Plaintiff has not provided any evidence that Byrd actually ordered Thornton to fabricate or falsify any facts related to the molestation charge. As stated above, the record is devoid of evidence as to if, or when, Byrd was ever informed or knew that the minor child had stated that some of the alleged molestation occurred in Michigan. As the Court has previously stated, there is evidence in the record to support Thornton's belief that probable cause existed to arrest Plaintiff on the molestation charge, and Plaintiff has not pointed to any record evidence other than Byrd's earlier statements on the morning of November 29, 2011, that Byrd had any indication that the molestation charge was not supported by probable cause.

For these reasons, as well as for the reasons stated in the Court's prior Orders, Byrd has presented sufficient competent summary judgment proof to establish that he is entitled to dismissal of the malicious prosecution claims as to the charges of child molestation and child pornography.

Although the Court's earlier Memorandum Opinion and Order [244] did not specifically address the claims against Byrd, the Court finds that the factual

12

assertions and references to the evidence concerning Byrd's involvement in the investigation of Plaintiff on the embezzlement charge are akin to those of Thornton. The Court's analysis of the facts of this case as applied to the relevant legal authority on malicious prosecution is set out in the Court's Order [244] and need not be restated here. For those same reasons, as well as the others stated here, the Court finds that Plaintiff's claim against Byrd for malicious prosecution as to the charge of embezzlement, as well as the claim for punitive damages based upon the charge of embezzlement, survive summary judgment. The malicious prosecution claims against Byrd arising out of the molestation and child pornography charges should be dismissed.

      3.      <u>Supplemental Jurisdiction over Plaintiff's Remaining State Law Claims</u>

With the entry of this Order, the Court has dismissed all of Plaintiff's federal claims raised in this case. The only claims remaining are Plaintiff's state law claims for malicious prosecution and punitive damages as to the embezzlement charge against Thornton and Byrd, in their individual capacities. While 28 U.S.C. § 1367(c) gives district courts discretion to decline to exercise jurisdiction over supplemental state law claims when all federal claims are dismissed, a district court may retain jurisdiction over such state law claims to further the interests of judicial economy, fairness, convenience, and comity. *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002)). Based upon the impending trial date, the current procedural posture of this case, and the length of time this case has been pending,

13

the Court is of the view that it should exercise its discretion to retain supplemental jurisdiction over Plaintiff's state law claims.

### III. CONCLUSION

Having thoroughly considered Defendant Mike Byrd's Motion [237], Plaintiff's Response [257], Byrd's Reply [265], the entire record of this case including its prior Orders, and relevant legal authority, the Court is of the opinion that Defendant Mike Byrd's Motion for Summary Judgment [237] should be denied in part as to Plaintiff's state law claims for malicious prosecution and punitive damages as to the embezzlement charge, and should be granted in part as to Plaintiff's remaining claims.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that Defendant Mike Byrd's Motion for Summary Judgment is **DENIED IN PART** as to Plaintiff's state law claims against Byrd in his individual capacity for malicious prosecution and punitive damages as to the charge of embezzlement, which shall proceed to trial, and is **GRANTED IN PART** as to Plaintiff's remaining claims against Byrd, which are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 21st day of March, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE